PEARSON, Judge.
The appellant was found guilty after a non-jury trial of lewd, lascivious or indecent assault upon a female minor under the age of 14 years in violation of § 800.04, Fla.Stat., F.S.A.[1] Judgment of conviction and a sentence of four years imprisonment were entered, and this appeal followed.
The appellant urges that the evidence before the trier, of fact was insufficient to support the judgment. The evidence as to the acts found to be lewd and lascivious were presented only by the testimony of the minor child involved. In considering whether the evidence of the child was sufficient to constitute proof of lewd and lascivious intent, we think it should be pointed out that the child under examination by the court stated that she did not know the state in which she lived, did not know what telling a lie was, and did not know what a court was or what an oath was.
The child, age seven, testified that she and her friend George, age six, were returning from school when they stopped to play in the yard where the appellant’s home was located. She testified that the appellant invited her- into the house and touched her once in the vaginal area. The touching was outside the clothing she wore. She was fully clothed. The appellant made no attempt to fondle her nor utter endearments to her. In fact the appellant said nothing to her except to tell her to go home or else her mother would worry.
The appellant did not deny that he touched the child but declared that the touching occurred as he was removing her from the house after she failed to follow his instructions to leave. He specifically denied any lewd or lascivious intent.
The Supreme Court of Florida in Boles v. State, 158 Fla. 220, 27 So.2d 293 (1946), declared:
“ ‘Lewd’, ‘lascivious’, and ‘indecent’ are synonyms and connote wicked, lustful, unchaste, licentious or sensual design on the part of the perpetrator.” 27 So.2d at 294.
We think the evidence viewed as a whole is insufficient to prove beyond a reasonable doubt that the appellant was guilty of the crime described in § 800.04 Fla.Stat., F.S.A., as defined in Boles v. State. For example the following exchange between the court and the child clearly shows a lack of “wicked, lustful, unchaste, licentious, or sensual design” on the part of the appellant:
“Q Were you standing on the floor when the man rubbed you ?
A No.
*58 Q Where was this?
A Sitting on his bed.
Q Where was he?
A He was sitting by me.
Q Did he put his arm around you?
A No.
Q Did he hug you?
A No.
Q Did he kiss you ?
A No.
Q Did he tell you that he loved you?
A No.
Q He did not tell you he loved you?
A No.
Q Did he a,sk you to kiss him?
A No.
Q Did he ask you if you loved him ?
A No.
Q Did the man tell George to stay outside ?
A No.
Q No?
A No.”
The following quotation from the Supreme Court of Florida best states our reason for reversing the appellant’s conviction:
“Human liberty should not be forfeited by conviction under evidence which is not sufficient to convince a fair and impartial mind of the guilt of the accused to a moral certainty and beyond a reasonable doubt.” Rivers v. State, 140 Fla. 487, 192 So. 190, 191 (1939).
Reversed with directions to release the appellant from custody.
HENDRY, J., dissents.

. “Any person who shall handle, fondle or make an assault upon any male or female child under the age of fourteen years in a lewd, lascivious or indecent manner, or who shall knowingly commit any lewd or lascivious act in the presence of such child, without intent to commit rape where such child is female, shall be deemed guilty of a felony and punished by imprisonment in the state prison or county jail for not more than ten years.”