624 So.2d 859 (1993)
STATE of Florida, Appellant,
v.
Donovan MITCHELL, Appellee.
No. 92-2129.
District Court of Appeal of Florida, Fifth District.
October 8, 1993.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender and Noel A. Pelella, Asst. Public Defender, Daytona Beach, for appellee.
THOMPSON, Judge.
The state appeals the order dismissing an amended information which charged the defendant/appellee (Mitchell) with a lewd, lascivious, or indecent act upon a child; a violation of section 800.04(1), Florida Statutes (1991). The only issue before us is whether the alleged facts established a prima facie case. We hold that the alleged facts do establish a prima facie case and we reverse the order of the trial court.
Mitchell, a 32 or 33 year old man, was arrested for lewd and lascivious behavior upon a girl who was 11 years old. Mitchell is not related to the victim. The victim told police that she had been at Mitchell's house when he told the child to sit on the floor so he could play in her hair. He brushed her hair with his hands and then in a playing-like, friendly-like manner, he placed her on his lap and started to kiss her on the mouth. He then put his hand under her shorts, felt her buttocks for a short time, and asked to play in her hair again. The child decided to leave and went home. The child testified in deposition that Mitchell never attempted to touch her sexual organs and he never asked her to undress or to do anything of a sexual nature. When Mitchell touched her on the buttocks, he put his hand inside her shorts, but he did not attempt to put his hand inside her panties.
Mitchell's attorney filed a motion to dismiss the amended information, pursuant to Fla.R.Crim.P. 3.190(c)(4). The grounds for the motion were: (1) the facts alleged failed to establish a violation of section 800.04(1), Florida Statutes (1991), because the facts alleged did not offer sufficient indicia of a "wicked, lustful, unchaste, licentious or sensual design" on Mitchell's part and (2) there were no material disputed facts and the undisputed facts did not establish a prima facie case of guilt against Mitchell.
The state did not traverse or demur to the motion in writing, but at the hearing did orally "demur" adding additional facts and arguing that the question of intent to commit *860 a lewd or lascivious act is a jury question and not a question for the trial court. The trial court reserved ruling and then entered a written order dismissing the amended information. The trial court relied upon Boles v. State, 158 Fla. 220, 27 So.2d 293 (1946); Chesebrough v. State, 255 So.2d 675 (Fla. 1971), cert. denied, 406 U.S. 976, 92 S.Ct. 2427, 32 L.Ed.2d 676 (1972); and Pennington v. State, 219 So.2d 56 (Fla. 3d DCA 1969).
The behavior of Mitchell is not disputed. The uncontroverted facts establish that Mitchell kissed the child on her mouth, played in her hair and rubbed her buttocks. Whether these acts constitute lewd and lascivious behavior is a question of fact for the jury to determine. The legislature has not precisely defined "lewd and lascivious" behavior, therefore, it is up to a jury to decide, based upon the totality of the circumstances, whether or not Mitchell's behavior violated the statute. See Egal v. State, 469 So.2d 196 (Fla. 2d DCA), review denied, 476 So.2d 673 (Fla. 1985). In reviewing a motion to dismiss, a trial judge must view the evidence in the light most favorable to the state. See State v. Booker, 529 So.2d 1239 (Fla. 1st DCA 1988). The trial judge's judgment must not be substituted for the jury's as to what is or is not lewd and lascivious behavior in a motion to dismiss. The trial judge may not evaluate the evidence, but only look to the prima facie sufficiency of the facts. State v. Milton, 488 So.2d 878 (Fla. 1st DCA), cert. denied, 479 U.S. 1012, 107 S.Ct. 659, 93 L.Ed.2d 713 (1986). This court, in reversing an order which dismissed a criminal charge, has held that:
An order dismissing an information pursuant to a (c)(4) motion is similar to a summary judgment in a civil case. It should be granted sparingly and only when no factual basis exists which could establish a prima facie case of guilt. It is not a substitute for a directed judgment of acquittal at trial nor is it a test of the weight to be given to witness testimony or other evidence.
State v. Patel, 453 So.2d 218, 219 (Fla. 5th DCA 1984). The trial judge can, however, make that determination when it can "reasonably" be said that the acts are not lewd and lascivious as a matter of law. See Rhodes v. State, 283 So.2d 351 (Fla. 1973) (explaining Chesebrough, 255 So.2d 675). The facts in this case do not fall within this category. Consider the cases relied upon by the court as the reason for its ruling.
In Boles, the Florida Supreme Court reversed a jury verdict of guilt and remanded for a new trial where the facts were that the defendant had put his arms around the 12 year old victim with his right hand on her right breast and his left hand on her left breast and said "... she was his little sweetie, as if she were his daughter." Id. at 294. In Chesebrough, the Florida Supreme Court upheld a conviction based upon a plea of nolo contendere to the offense of committing a lewd and lascivious act in the presence of a child under the age of 14. The court specifically held that:
sexual intercourse between a husband and wife in the presence of a child under fourteen years of age for the purpose of demonstrating to such child the method of procreation of the human race is a lewd and lascivious act and a violation of Fla. Stat. § 800.04, F.S.A.
Id. at 679. Finally, in Pennington, the Supreme Court reversed a jury conviction for lewd and lascivious or indecent assault upon a seven year old child. The gravamen of the offense was that he touched her in the vaginal area while she had her clothes on. The case was reversed because the child was unsure of what an oath was, was unsure of what state she was in, and she did not know what telling a lie was. The testimony also showed that the defendant did not try to kiss her, hug her, put his arm around her, or tell her he loved her. The defendant testified that he did touch the child as he tried to get her to leave his home as he had instructed her to do. The case was reversed with instructions to discharge the defendant.
In each of the cases, there had been a full presentation of witnesses and the defendant had been convicted by a jury or had entered a plea. In each case, the victim had an opportunity to testify and be cross-examined. The victim's demeanor and credibility could be tested. The facts of this case present at least a jury issue. When the facts of this *861 case are considered in light of section 847.011, Florida Statutes (1991), to rule that Mitchell's behavior is not a jury question, leads to an incongruous result. Under Florida Statutes Chapter 847, which deals with obscene literature, Mitchell's behavior would be considered obscene by statutory definition. Specifically, one aspect of the definition of "obscene," reads in part:
"Sexual conduct" means ... actual physical contact with a person's clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast... . (emphasis added.)
§ 847.001, Fla. Stat. (1991). Pictures or videos of Mitchell's acts, under this statute, would be actionable as a criminal violation, however, under Mitchell's view of the case, the actual acts themselves would not be actionable as a criminal violation. This view would create an inconsistent, if not absurd, result. We reverse and remand for further action consistent with this court's decision.
REVERSED AND REMANDED.
W. SHARP, J., concurs.
GRIFFIN, J., concurs in result only, without opinion.