920 So.2d 141 (2006)
Mark METHOD, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-2188.
District Court of Appeal of Florida, Fourth District.
February 1, 2006.
*142 Edward Salantrie, Fort Lauderdale, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Appellant challenges the legal sufficiency of an information charging him with three counts of lewd and lascivious conduct. On appeal, he claims that the conduct alleged in the information did not constitute lewd and lascivious acts as a matter of law. We hold that the information alleged acts sufficient to create a jury question of appellant's guilt. Therefore the court did not err by denying appellant's motion to dismiss the information.
Appellant, Mark Method, age thirty, was charged with three counts of lewd and lascivious conduct committed against a person less than sixteen years of age. Count I alleged in pertinent part that Method "did intentionally touch [K.R.], a person under 16 years of age, in a lewd or lascivious manner by rubbing said child's back underneath her clothing, contrary to F.S. 800.04(6)(a) and F.S. 800.04(6)(b)." (Emphasis added). Count II alleged in pertinent part that Method "did intentionally touch [A.H.], a person under 16 years of age, in a lewd or lascivious manner by touching said child's back and/or stomach and/or thigh underneath her clothing, contrary to F.S. 800.04(6)(a) and F.S. 800.04(6)(b)." (Emphasis added). Count III alleged in pertinent part that Method "did intentionally touch [C.L.], a person under 16 years of age, in a lewd or lascivious manner by hugging said child from behind and thereby placing his hands over her breast area, contrary to F.S. 800.04(6)(a) and F.S. 800.04(6)(b)." (Emphasis added). At the time of the alleged wrongful conduct, K.R. was ten years old, A.H. was eleven years old, and C.L. was eleven years old.
Method moved to dismiss the information, arguing that the conduct alleged in the information did not constitute lewd and lascivious acts. The trial court denied the motion to dismiss, citing State v. Mitchell, 624 So.2d 859 (Fla. 5th DCA 1993). After denial of the motion, Method entered into a negotiated plea, reserving his right to appeal the ruling on the motion to dismiss.
Section 800.04(6), Florida Statutes (2001), provides in pertinent part:
(6) Lewd or lascivious conduct.
(a) A person who:
1. Intentionally touches a person under 16 years of age in a lewd or lascivious manner; or

*143 2. Solicits a person under 16 years of age to commit a lewd or lascivious act commits lewd or lascivious conduct.
The Florida Legislature did not define the terms "lewd" or "lascivious" anywhere in the statutory scheme. Nevertheless, court decisions have provided useful guidance regarding whether conduct is lewd or lascivious.
In Boles v. State, 158 Fla. 220, 27 So.2d 293 (1946), the supreme court attempted to flesh out a definition of "lewd and lascivious." There, the court stated that "`[l]ewd,' `lascivious,' and `indecent' are synonyms and connote wicked, lustful, unchaste, licentious, or sensual design on the part of the perpetrator." Id. at 294. Furthermore, in Chesebrough v. State, 255 So.2d 675 (Fla.1971), the supreme court rejected a "void for vagueness" challenge to the constitutionality of the statute. The Chesebrough court explained that "[l]ewdness may be defined as the unlawful indulgence of lust, signifying that form of immorality which has a relation to sexual impurity. It is generally used to indicate gross indecency with respect to the sexual relations." Id. at 677. The court elaborated as follows: "The words `lewd' and `lascivious' behavior when used in a statute to define an offense has been held to have the same meaning, that is, an unlawful indulgence in lust, eager for sexual indulgence." Id.
In State v. Mitchell, 624 So.2d 859 (Fla. 5th DCA 1993), the fifth district provided guidance with respect to the proper treatment of a motion to dismiss an information alleging a violation of an earlier version of section 800.04, Florida Statutes. The Mitchell court stated: "The legislature has not precisely defined `lewd and lascivious' behavior, therefore, it is up to a jury to decide, based upon the totality of the circumstances, whether or not [the defendant's] behavior violated the statute." Id. at 860. Accordingly, "[i]n reviewing a motion to dismiss, a trial judge must view the evidence in the light most favorable to the state." Id.
At the motion to dismiss stage of the proceedings, "[t]he trial judge's judgment must not be substituted for the jury's as to what is or is not lewd and lascivious behavior." Id. Further, we have held that "the determination of whether appellant's `act was in fact lewd and lascivious' is a question of fact and is based upon the circumstances of each individual case." W.R.H. v. State, 763 So.2d 1111, 1112 (Fla. 4th DCA 1999) (citing Chesebrough, 255 So.2d at 679). However, a motion to dismiss should be granted "when it can `reasonably' be said that the acts are not lewd and lascivious as a matter of law." Mitchell, 624 So.2d at 860 (citing Rhodes v. State, 283 So.2d 351 (Fla.1973)).
Whether Method's acts, as alleged in the information, were intentional acts of a lewd and lascivious nature depend upon a factual determination of Method's intent when he grabbed or touched the children. Thus, it is an issue which the jury must decide based upon all factual inferences and not one for the court as a matter of law.
Method was charged with the following acts: (1) "rubbing the child's back underneath her clothing;" (2) "touching the child's back and/or stomach and/or thigh underneath her clothing;" and (3) "hugging said child from behind and thereby placing his hands over her breast area." (Emphasis added). The information alleged that each of these acts was done in a lewd or lascivious manner; that is, in a manner "eager for sexual indulgence." Touching a child's stomach and thigh underneath her clothing simply does not fall within the category of conduct that is not lewd or lascivious as a matter of law. Similarly, *144 the allegation that the defendant touched the child's breast area in a lewd and lascivious manner states a prima facie case for a violation of section 800.04(6). Thus, counts two and three presented at least a jury issue. It was for the jury to decide, based on factual inferences, whether the defendant had a lewd or lascivious intent or whether the defendant's acts were merely signs of affection for the children.
As to count one, the state charged Method with rubbing the child's back underneath her clothing in a lewd or lascivious manner. Method was not related to the child. We cannot say as a matter of law that this conduct could never be lewd or lascivious. As the court stated in Egal v. State, 469 So.2d 196, 198 (Fla. 2d DCA 1985), "conduct which in some circumstances might be purely innocent ... can be found to be lewd and lascivious if accompanied by the requisite improper intent." It would be for the jury to decide whether Method's intent was lewd when he rubbed the child's back under her clothing.
Because the trial court correctly denied the motion to dismiss, we affirm the convictions.
STEVENSON, C.J., and MAY, J., concur.