940 So.2d 1155 (2006)
Ronald J. ROSEN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-394.
District Court of Appeal of Florida, Fifth District.
September 8, 2006.
Rehearing Denied October 31, 2006.
*1157 Chandler R. Muller of Muller & Sommerville, P.A., Winter Park, and David A. Henson, Brevard, NC, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
Ronald Rosen was convicted of four counts lewd and lascivious molestation[1] and two counts misdemeanor battery. He received concurrent sentences of 231.3 months' DOC for the molestation counts and 12 months' jail for the battery counts. We affirm.

FACTS
The convictions involved four alleged victims. Rosen taught the sixth-grade class in which most were enrolled. Most of the conduct alleged occurred in his classroom, and none of the children consented to the touches. The children testified that Rosen discussed their schoolwork or grades while touching them and made no sexual or improper remarks. They generally liked Rosen as a teacher and felt he was kind, strict, affectionate, and helpful. Rosen's desk was located in a partially obscured section of the back of his classroom. Assistant Principal Baker testified that Rosen always locked the classroom door during school, that she had to knock to enter, and that other teachers did not lock their doors.
Case number 30510 included three counts of lewd and lascivious molestation of 12-year-old C.E. Rosen put his arm around her and rubbed her butt while she was at his desk. He touched her chest while she was in a lunch line. Finally, he put his arm around her shoulders and "patted her boob" at his desk. Rosen was found guilty of lewd and lascivious molestation on counts one and three, but acquitted of count two.
Case number 31603 included one count of lewd and lascivious molestation of 11-year-old K.M. Rosen would touch and rub her butt while she stood by his desk. His touch could have been absent-minded. The jury found Rosen guilty of battery.
Case number 31588 included two counts of lewd and lascivious molestation of 12-year-old A.R. Rosen squeezed her butt while she was by his desk. She backed up, but he moved, put his arm around her, and touched her butt again. On another occasion, he gave her a "boyfriend-type hug" *1158 and, as she let go, he brought his hands around her back and set them across the sides of her breast. The jury found Rosen guilty of lewd and lascivious molestation on count one and battery on count two.
Case number 31587 included one count of lewd and lascivious molestation of 11-year-old A.H. Rosen would touch her butt by his desk, put his arm on her butt and thighs, and rub her butt. The jury found Rosen guilty as charged.
The girls had talked with each other about the touching before A.H. wrote a note, which she gave to Sharon Kline, the school's guidance counselor. A copy of the note was admitted into evidence:
Mrs. Baker, there has been problems [sic] with Mr. Rosen. It seem [sic] Mr. Rosen has been touching girls [sic] butts. If it isn't any trouble could you please talk to him about it. Thank you. Sincerely, a sixth grade girl. P.S. If you do talk to him tell him to stop. Thanks[.]
(Emphasis in original). Two of the complaining witnesses transferred out of Rosen's class because of the touching.
The court addressed jury instructions early and often. After the jury was sworn, the court told counsel to use the afternoon to look at instructions and make any objections. While the State was presenting its case, the following exchange occurred:
COURT: . . . I've been harping on you guys for days now. . . . [P]robably the potentially most delaying thing will be the jury instructions if there are issues. . . .
[STATE]: I stayed with Ms. Lemonidis and Mr. Kahn a while yesterday and we went through each instruction.
MS. LEMONIDIS: There wasn't any problems [sic] with jury instructions.
Nevertheless, the court revisited each instruction, including the lewd and lascivious molestation instructions, to which Rosen did not object. No objection was raised during later discussions. After Rosen rested, the parties reviewed the instructions again. Rosen did not object despite several opportunities, and counsel affirmatively represented there were no problems with the jury instructions.
The lewd and lascivious molestation instructions required the jury to find, inter alia, that the victims were less than 16 years old and that Rosen "handled or fondled [the victims] in a lewd, lascivious, or indecent manner." The jury was not required to find that A.H. was less than 12 years old. The victims' ages at the time of the crimes were read to the jury from the charging informations. Each girlincluding A.H., who was 11 when the incidents occurredhad testified to her date of birth.
At Rosen's request, the jury instructions provided that the jury could find Rosen guilty of battery,[2] a lesser-included offense of lewd and lascivious molestation. At trial, Rosen's counsel volunteered that "[w]e added this instruction of battery." Counsel repeatedly sought battery as the lesser-included offense for each count.
At sentencing, Rosen argued that he was either entitled to a new trial or could only be sentenced for third-degree felony molestation because the jury did not find that he was at least 18 and that A.H. was under 12. Counsel argued it was "fundamental error to give improper jury instructions." The court asked if error occurred, despite her failure to object. Counsel responded: "Well, sure. I'm certainly not going to point out the fact that the State has overlooked the thing that would make it a first-degree felony." Counsel reiterated *1159 that the oversight was "not something that [she] was going to bring to the Court's attention . . . because [she was] not the prosecutor."[3] The court noted Rosen did not object to the instructions despite several opportunities, that the informations contained the girls' ages, and that there was record evidence of Rosen's age. The court denied Rosen's argument based on record evidence and invited error.
At trial, Rosen's wife testified that they had been married for 31 years. During sentencing, Rosen stated he worked for the school board for 18 years, worked with children since 1970, and was involved in the community since 1959. He introduced a voluminous file of correspondence about his character; many individuals writing on his behalf wrote they had known him for over 30 years.
After sentencing, Rosen contended the lower court lacked the constitutional authority to sentence him because the jury did not deliberate on all elements of lewd and lascivious molestation. The court denied his motion, and Rosen timely appealed.

ANALYSIS
Rosen raises several issues on appeal, but we conclude that none merit reversal of his judgment and sentence and, therefore, affirm. See, e.g., Huck v. State, 881 So.2d 1137, 1140 (Fla. 5th DCA 2004). However, we address three arguments he raised that merit discussion: (1) whether the court erred by denying motions for judgment of acquittal on all counts alleging lewd and lascivious molestation or conduct; (2) whether the court erred by denying his motions for judgment of acquittal for battery; and (3) whether the jury's failure to find he was at least 18 years old and that A.H. was under 12 years old requires retrial or resentencing.

Judgment of acquittal on lewd and lascivious convictions.
This court reviews de novo motions for judgment of acquittal. Huck v. State, 881 So.2d 1137, 1144 (Fla. 5th DCA 2004). If competent, substantial evidence supports a conviction, it generally will not be reversed. Id. "If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, then there is sufficient evidence to sustain a conviction." Id. If the State's case is entirely circumstantial, the evidence establishing each element of the offense must be inconsistent with the defendant's reasonable hypothesis of innocence. Id. If there is such an inconsistency, the trier of fact resolves the question of the defendant's guilt. Id. at 1145.
Rosen argues that the court erred by denying his motions for judgment of acquittal on all lewd and lascivious molestation counts. He contends that the State's evidence of his lewd and lascivious intent was entirely circumstantial and did not exclude his reasonable hypothesis of innocence, i.e., that the touches never happened. Because none of the witnesses believed that his touches were sexual, and all said Rosen did not say or do anything overtly sexual, none of the charges should have been submitted to the jury. The State responds that the question of Rosen's lewd and lascivious intent was for the jury to decide based upon the totality of the circumstances.
*1160 Section 800.04(5), Florida Statutes (2000), provided:
(a) A person who intentionally touches in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less than 16 years of age . . . commits lewd or lascivious molestation.
(b) An offender 18 years of age or older who commits lewd or lascivious molestation against a victim less than 12 years of age commits a felony of the first degree. . . .
(c) . . .
2. An offender 18 years of age or older who commits lewd or lascivious molestation against a victim 12 years of age or older but less than 16 years of age
commits a felony of the second degree. . . .
This court has held that when conduct occurs as described in the statute, the question of whether the acts were committed lewdly or lasciviously is one of fact. State v. Mitchell, 624 So.2d 859, 860 (Fla. 5th DCA 1993). Thus, it was up to the jury to decide whether Rosen's behavior violated the statute based upon the totality of the circumstances. See id.; accord Method v. State, 920 So.2d 141, 143-44 (Fla. 4th DCA 2006); Washington v. State, 766 So.2d 325 (Fla. 4th DCA 2000). Though not precisely defined, "lewd" and "lascivious" conduct generally denotes "the unlawful indulgence of lust," "gross indecency with respect to the sexual relations," or "wicked, lustful, unchaste, licentious, or sensual" conduct. Chesebrough v. State, 255 So.2d 675, 677 (Fla.1971). Lewdness must be determined on a case-by-case basis and may be imputed from the circumstances. Farrell v. State, 791 So.2d 598, 599 (Fla. 3d DCA 2001); W.R.H. v. State, 763 So.2d 1111, 1112 (Fla. 4th DCA 1999); Egal v. State, 469 So.2d 196, 197 (Fla. 2d DCA 1985). Here, the trial court could not have determined as a matter of law that the acts of grabbing or rubbing students' buttocks were not lewd and lascivious. See Mitchell, 624 So.2d at 860. Whether Rosen's acts were intentional acts of a lewd and lascivious nature depended on the jury's factual determination of his intent when he touched the children. See Method, 920 So.2d at 143.
We distinguish M.L.C. v. State, 875 So.2d 810, 811 (Fla. 2d DCA 2004), where the court held the defendant's two "split-second" brushes against two girls' buttocks were not lewd and lascivious as a matter of law. M.L.C., 875 So.2d at 812. There, the 12-year-old defendant brushed girls over their clothes at a bus stop and on a bus ramp. Id. at 811. The court held no facts permitted the inference he acted lewdly or lasciviously: "Each contact was brief, unaccompanied by suggestive remarks or body language. . . . [A] lewd or lascivious purpose `imports more than a negligent disregard of the decent properties and consideration due to others.'" Id. at 812 (citation omitted).
The testimony viewed in the light most favorable to the State shows Rosen did not try to kiss or proposition the students and made no other sexually indicative statements or motions. Cf. Washington, 766 So.2d at 326; Pennington v. State, 219 So.2d 56, 57-58 (Fla. 3d DCA 1969). Nevertheless, the totality of the circumstances was such that the jury properly could have concluded that his conduct violated the statute. See Egal, 469 So.2d at 198 (affirming where naked defendant answered the door, took an order form from a girl scout, went inside, and reappeared at the door still naked). The victims testified he deliberately rested his hand on, rubbed, or squeezed their buttocks. They were cross-examined, and the jury considered their demeanor and credibility. See Mitchell, *1161 624 So.2d at 860. While Rosen's behavior here was not as egregious as that in other cases, the jury was entitled to conclude, even if the victims did not, that Rosen acted lewdly by touching them in the manner they described.

Judgment of acquittal for battery convictions.
Rosen next argues that the court erred by denying his motions for judgment of acquittal for battery because there was no evidence of lack of consent. The State responds that competent, substantial evidence supports the jury verdicts because both victims testified he touched them against their will. The State is correct. Misdemeanor battery occurred when Rosen intentionally touched the victims against their will. § 784.03(1), Fla. Stat. (2000); M.L.C., 875 So.2d at 812. The State presented evidence that Rosen intentionally touched A.R. and K.M. without their consent; therefore, competent, substantial evidence supports the jury's verdicts. Id.
Also, Rosen properly insisted on the inclusion of battery as a lesser included offense of the lewd and lascivious molestation charges and, in closing argument, reminded the jury they could convict him of battery. See, e.g., Cook v. State, 736 So.2d 739, 740 (Fla. 5th DCA 1999) (holding defendant was "entitled to receive a jury instruction on battery as a lesser included offense . . . where . . . the facts alleged in the information and the evidence presented at trial satisf[ied] all of the elements of the crime of battery"); Biles v. State, 700 So.2d 166, 167 (Fla. 4th DCA 1997). Even if the verdicts were incorrect, invited error would apply. Defense counsel may not "sandbag the trial judge by requesting and approving an instruction they know . . . will result in an automatic reversal, if given." Weber v. State, 602 So.2d 1316, 1319 (Fla. 5th DCA 1992); see also Ray v. State, 403 So.2d 956, 961 (Fla. 1981) (stating "it is not fundamental error to convict a defendant under an erroneous lesser included charge when he had an opportunity to object and failed to do so if . . . counsel requested the improper charge or relied on that charge as evidenced by argument to the jury . . . ").

The jury's failure to find Rosen was at least 18 and A.H. was under 12.
Rosen argues that the jury's failure to find that he was at least 18 and that A.H. was under 12 violates Apprendi.[4] He was convicted of four felonies. Because the court found Rosen was at least 18, it classified the offenses as one first-degree and three second-degree felonies, rather than four third-degree felonies.[5] Rosen claims the court impermissibly increased sentencing based on facts not found in the jury's verdict or admitted to by him. The State responds that the failure to include Rosen's and A.H.'s ages in the instructions and verdicts was not error because their ages were undisputed.
Rosen claims that, because age is an essential element and every element must be presented to the jury and proved beyond a reasonable doubt, the court "lacked constitutional authority" to sentence him. This resembles his argument at sentencing, i.e., that the instructions' failure to require the jury to find every element of the offense constituted fundamental error. *1162 Rosen's argument is contrary to well-settled law.
In Florida, the failure to instruct the jury on an essential element of the offense is not fundamental error if the element was undisputed and established by record evidence. See, e.g., Battle v. State, 911 So.2d 85, 88 (Fla.2005). The supreme court has applied this rule where the omitted element is the defendant's age. Pena v. State, 901 So.2d 781, 784-85 (Fla. 2005) (citing State v. Delva, 575 So.2d 643 (Fla.1991), and Reed v. State, 837 So.2d 366 (Fla.2002)). Jury instructions are subject to the contemporaneous objection rule, and failure to instruct on an undisputed element is not fundamental error. Pena, 901 So.2d at 784 (citing Reed, 837 So.2d at 370); cf. Jennings v. State, 920 So.2d 32, 34-35 (Fla. 2d DCA 2005) (remanding because evidence did not conclusively establish the omitted element); Wiley v. State, 830 So.2d 889, 890 (Fla. 1st DCA 2002) (reversing where omitted element was not uncontested or supported by overwhelming evidence). In Battle, the Florida Supreme Court explained:
[I]f a court fails to include all essential elements in a jury instruction and the defendant does not object at trial, the omission can be raised on appeal only if fundamental error occurred. Fundamental error is error [which] reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error. Fundamental error only occurs when the omission is pertinent or material to what the jury must consider in order to convict. Further, omitting from the instructions a necessary element of the crime over which the record reflects there was no dispute is not fundamental error.
Battle, 911 So.2d at 89 (citations and internal quotation marks omitted); see also Reed, 837 So.2d at 370.
The rule that fundamental error has not occurred where the jury was not instructed on an undisputed element established by record evidence is reconcilable with Apprendi, which should not "be applied in a knee-jerk fashion." Perritte v. State, 912 So.2d 332, 333 (Fla. 5th DCA 2005). "[I]mplicit in the Apprendi rationale . . . is the common sense concept that there must be some dispute about a fact before it is required to be submitted to a jury." Id. at 334. The errors here presented no threat to Rosen's trial by jury; "unlike more amorphous sentence-enhancing concepts such as `motive' . . . in the Apprendi case, age amounts to a physical fact." Id. at 335.
The applicable Supreme Court case is not Apprendi, but Neder v. United States, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). In Neder, the Court held that "an instruction that omits an element of the offense does not necessarily render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence," and harmless error analysis may be appropriate. Neder, 527 U.S. at 8-9, 12-13, 119 S.Ct. 1827 (emphasis in original); see also Washington v. Recuenco, ___ U.S. ___, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006) (clarifying that "[f]ailure to submit a sentencing factor to the jury, like failure to submit an element to the jury, is not structural error" and remains subject to harmless-error analysis). The Court concluded that the element at issue was established by incontrovertible and undisputed evidence; therefore, the omission did not contribute to the verdict obtained. Id. at 16-17, 119 S.Ct. 1827.
There is no dispute that Rosen was well over 18. See Perritte, 912 So.2d at 335. The informations read to the jury charged *1163 that Rosen was over 18. See id. at 334. The jury heard Baker testify that Rosen was over 18 and Joyce testify that they were married 31 years. No contrary evidence was introduced. Pena, 901 So.2d at 784; Perritte, 912 So.2d at 334. The jury could not reasonably have found Rosen to have been under 18. See Perritte, 912 So.2d at 334. Furthermore, Rosen voiced no objection that the instructions did not address his age as an element. See Battle, 911 So.2d at 87; Pena, 901 So.2d at 784; Perritte, 912 So.2d at 334. Even if Rosen had objected and preserved this issue for review, the error would be harmless. See Pena, 901 So.2d at 784 (citing Glover v. State, 863 So.2d 236, 238 (Fla.2003)).
Similarly, A.H.'s age was undisputed. The information pertaining to Rosen's lewd and lascivious molestation of A.H. stated she was 11 when the conduct occurred. The jury heard her testify to her date of birth, which was uncontroverted. Under these circumstances, the omission of two elements in the instructions relating to A.H. does not establish fundamental error. See Lane v. State, 867 So.2d 539, 540 (Fla. 1st DCA 2004) (affirming where one element was undisputed and the omission of the other did not undermine the validity of the trial). Neither omission concerned a disputed element or reached "down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." Lane, 867 So.2d at 541-42 (quoting Brown v. State, 124 So.2d 481, 484 (Fla.1960)). Moreover, Rosen does not contest her age or suggest he could introduce any contrary evidence. See Neder, 527 U.S. at 15, 119 S.Ct. 1827. Reversal would merely send the case back for retrial or resentencing despite the fact the jury was properly instructed on the contested issues and resolved them against Rosen. See id.
We note that Rosen's counsel below played a pivotal role in the error, actively participated in the shaping of jury instructions, and repeatedly declined to object though she planned to object at sentencing. Forcing the State to prove the elements of the offense is one thing; participating in the creation of a technically defective instruction to ambush the court at sentencing is another. This behavior illustrates precisely why the contemporaneous objection rule applies:
This rule is founded on policy objectives that seek to eliminate legal trickery and procedural gamesmanship by crafty litigants who intentionally cause error or allow error to creep into the trial proceedings so they can complain about it on appeal. Equally important, the rule provides the trial court with a timely opportunity to correct the error and avoid mistrial or reversal on appeal.
Caldwell v. State, 920 So.2d 727, 730 (Fla. 5th DCA 2006); see also Weber, 602 So.2d at 1319.
The question of Rosen's lewd intent was the jury's to resolve, and judgments of acquittal would have been erroneous. Sufficient evidence supports the battery convictions. The instructions' failure to require findings of the essential elements of Rosen's and A.H.'s age did not constitute fundamental error.
Accordingly, we AFFIRM the convictions and sentences.
MONACO and EVANDER, JJ., concur.
NOTES
[1] § 800.04(5)-(6), Fla. Stat. (2000).
[2] § 784.03, Fla. Stat. (2000).
[3] We note that Rosen was represented at trial by Robin C. Lemonidis and Michael Kahn, not his counsel on appeal.
[4] Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).
[5] C.E. and A.R. were 12; A.H. was 11. Under section 800.04(5), if the offender is under 18, the offenses are third-degree felonies. Where the offender is at least 18, the crime is a second-degree felony if the victim was at least 12 but less than 16.