938 So.2d 603 (2006)
STATE OF FLORIDA, Appellant,
v.
JAYSON SANTIAGO, Appellee.
No. 4D05-3389.
District Court of Appeal of Florida, Fourth District.
September 27, 2006.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellant.
Carey Haughwout, Public Defender, and Dea Abramschmitt, Assistant Public Defender, West Palm Beach, for appellee.
HAZOURI, J.
The state appeals a dismissal of an information charging the defendant, Jayson Santiago, with lewd or lascivious molestation. We reverse.
The state filed an information charging that Santiago "did intentionally touch in a lewd or lascivious manner the buttocks, or clothing covering them, of [N.B.], a person less than twelve years of age. . . ." Santiago filed a Florida Rule of Criminal Procedure 3.190(c)(4), Motion to Dismiss, asserting that the undisputed facts failed to establish a prima facie case. The state filed a Traverse, admitting and denying specific allegations in Santiago's motion. The facts which are undisputed are that Santiago was arrested on August 11, 2004 for lewd and lascivious molestation. Santiago was nineteen years old at the time of the incident and made contact with the clothing covering the buttocks of N.B., a person less than twelve years of age. Santiago made no comments to the victim prior to, or subsequent to the contact with the victim's clothed buttocks and did not have contact with the victim prior to, or subsequent to the contact.
In his Motion to Dismiss, Santiago asserted that the state had failed to assert any lewd or lascivious intent. The state argued that intent is to be determined by a jury, not a judge, in a (c)(4) motion. We agree.
"The function of a `(c)(4)' motion is to ascertain whether the undisputed facts which the state will rely on to prove its case, establish a prima facie case, as a matter of law, so as to permit a jury to determine the defendant guilty of the crime charged." State v. Walthour, 876 So. 2d 594, 595 (Fla. 5th DCA 2004). "The appellate standard of review is de novo." Id. "A rule 3.190(c)(4) motion to dismiss is akin to a civil motion for summary judgment." State v. Hart, 677 So. 2d 385, 386 (Fla. 4th DCA 1996). "The motion is decided only on the undisputed facts. In considering the evidence, the court must draw all inferences in favor of the state and against the defendant." Id. "A motion to dismiss under subdivision (c)(4) of . . . rule [3.190] shall be denied if the state files a traverse that with specificity denies under oath the material fact or facts alleged in the motion to dismiss." State v. Kalogeropolous, 758 So. 2d 110, 111 (Fla. 2000).
Santiago was charged with touching the buttocks of N.B. in a lewd or lascivious manner, contrary to sections 800.04(5)(a) and 800.04(5)(b), Florida Statutes. The sections read as follows:
(a) A person who intentionally touches in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less than 16 years of age . . ., commits lewd or lascivious molestation.
(b) An offender 18 years of age or older who commits lewd or lascivious molestation against a victim less than 12 years of age commits a felony of the first degree. . . .
§§ 800.04(5)(a)-(b), Fla.Stat. (2004).
In this case, it was undisputed that Santiago placed his hands on the buttocks of N.B. The only fact in dispute was whether Santiago acted with lewd or lascivious intent, a requisite element to be proved for the crime of lewd or lascivious molestation. This case is similar to Method v. State, 920 So. 2d 141 (Fla. 4th DCA 2006). In Method, the defendant was charged with three counts of lewd or lascivious conduct committed against a person less than sixteen years of age. The trial court denied the defendant's motion to dismiss and was affirmed on review. The court noted that "a motion to dismiss should be granted `when it can "reasonably" be said that the acts are not lewd and lascivious as a matter of law.'" Id. at 143 (quoting State v. Mitchell, 624 So. 2d 859, 860 (Fla. 5th DCA 1993)). However, the court found,
Whether Method's acts, as alleged in the information, were intentional acts of a lewd and lascivious nature depend upon a factual determination of Method's intent when he grabbed or touched the children. Thus, it is an issue which the jury must decide based upon all factual inferences and not one for the court as a matter of law.
Id.
Whether Santiago acted with lewd or lascivious intent must be decided by the trier of fact and is not subject to dismissal by the trial court upon Santiago's Motion to Dismiss. We reverse and remand for further proceedings consistent with this opinion.
Reversed and Remanded.
STONE and SHAHOOD, JJ., concur.
Not final until disposition of timely filed motion for rehearing.