18 So.3d 1158 (2009)
STATE of Florida, Appellant,
v.
John C. SHOLL, Appellee.
No. 1D08-4826.
District Court of Appeal of Florida, First District.
September 25, 2009.
*1160 Bill McCollum, Attorney General, and Michael T. Kennett, Assistant Attorney General, Tallahassee, for Appellant.
Nancy Jones Gaglio, of Jones Gaglio, P.A., Panama City, for Appellee.
HAWKES, C.J.
John Sholl was charged in a two-count information with lewd or lascivious exhibition (Count I) and transmitting an image harmful to minors by electronic device (Count II). Both charges arose from the same underlying act. Sholl moved to dismiss the charges pursuant to Florida Rule of Criminal Procedure 3.190(c)(4) (2008), claiming the exhibition charge lacked factual support and the transmission charge violated the constitutional prohibition against double jeopardy and infringed upon his right to free speech. The State filed a traverse and the matter proceeded to a hearing during which the parties reiterated the arguments raised in their pleadings. At the conclusion of the hearing, the trial court granted Sholl's motion but did not explain its reasoning. It then issued an order dismissing the charges without further explanation. The dismissal was erroneous as each argument raised in Sholl's motion was legally baseless. We therefore reverse the trial court's determination and remand for reinstatement of both charges.

Standard of Review
According to Florida Rule of Criminal Procedure 3.190(c)(4), an information can be dismissed when "[t]here are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant." To avoid dismissal under Rule 3.190(c)(4), the State must present sufficient facts that, when viewed in a light most favorable to the State, show a reasonable jury could find in its favor. See State v. Terma, 997 So.2d 1174, 1177-78 (Fla. 3d DCA 2008) (stating the State is entitled to the most favorable construction of the facts possible); State v. Ortiz, 766 So.2d 1137, 1141-42 (Fla. 3d DCA 2000) (stating that when considering a Rule 3.190(c)(4) motion, "the [S]tate is entitled to the most favorable construction of the evidence with all inferences being resolved against the defendant"). Whether the trial court properly granted a motion to dismiss pursuant to Rule 3.190(c)(4) is reviewed de novo. See Galston v. State, 943 So.2d 968, 970-71 (Fla. 5th DCA 2006); State v. Pasko, 815 So.2d 680, 681 (Fla. 2d DCA 2002). Each of the charges against Sholl will be examined using this standard.

*1161 Lewd or Lascivious Exhibition (Count I)

Count I of the information charged Sholl with lewd and lascivious exhibition pursuant to section 800.04(7)(a), Florida Statutes (2008). Sholl moved to dismiss the charge as he argued the undisputed facts did not establish that he engaged in "lewd or lascivious" conduct. The trial court improperly granted the motion because whether Sholl's conduct was "lewd or lascivious" should have been submitted to the jury.
According to section 800.04(7)(a), a defendant can commit "lewd and lascivious exhibition" in a variety of ways, including intentionally exposing "the genitals in a lewd or lascivious manner." The terms "lewd" and "lascivious" are not defined in the statutory scheme. See Chesebrough v. State, 255 So.2d 675, 677 (Fla.1971); Method v. State, 920 So.2d 141, 143 (Fla. 4th DCA 2006); State v. Mitchell, 624 So.2d 859, 860 (Fla. 5th DCA 1993). Because the legislature has not defined "lewd" or "lascivious" behavior, "it is up to a jury to decide, based upon the totality of the circumstances, whether or not [the defendant's] behavior violated the statute." Mitchell, 624 So.2d at 860; see also Rosen v. State, 940 So.2d 1155, 1160 (Fla. 5th DCA 2006) (stating the question of whether conduct is "lewd or lascivious" is one of fact and must be decided by the jury "based upon the totality of the circumstances"); W.R.H. v. State, 763 So.2d 1111, 1112 (Fla. 4th DCA 1999) (stating whether an act is "lewd or lascivious" is "a question of fact and based on the circumstances of each individual case"). A narrow exception allowing the trial court to make the determination exists only "when it can `reasonably' be said that the acts are not lewd and lascivious as a matter of law." Mitchell, 624 So.2d at 860. However, the exception applies only when no inference of "lewd or lascivious" conduct can be drawn from the facts alleged. See M.L.C. v. State, 875 So.2d 810, 812 (Fla. 2d DCA 2004).
Here, the undisputed facts  as set forth in the motion to dismiss, the traverse, and the hearing  indicated Sholl engaged in a real-time chat over Yahoo's Instant Messenger feature using a web camera. The chat was between Sholl and a police investigator whom he believed to be a thirteen-year old girl. During the transmission, Sholl exposed his genitals.
Viewing these undisputed facts in a light most favorable to the State, it cannot be said that the State failed to establish a prima facie case of lewd or lascivious exhibition. A jury could reasonably infer from Sholl's decision to expose himself that he was intentionally acting in a lewd or lascivious manner. See Egal v. State, 469 So.2d 196, 199 (Fla. 2d DCA 1985) (stating "current standards have not changed to the point that total nudity is considered to be normally acceptable behavior. To intentionally expose one's private parts to a young child is hardly accepted conduct."). Consequently, the trial court erred in dismissing the charge on the basis that Sholl's actions were not lewd and lascivious as a matter of law. Given the circumstances of the case, this was a question of fact for the jury to decide, not the trial court.

Transmitting Material Harmful to a Minor Via Electronic Device (Count II)
In Count II, Sholl was charged with transmitting material harmful to a minor via electronic device, contrary to section 847.0138 (2008), Florida Statutes (2008). Sholl asserted two arguments concerning the transmission charge: (1) charging him with transmitting material harmful to a minor violated the prohibition against double jeopardy as it contained the same elements *1162 as the charge of lewd and lascivious exhibition; and (2) the transmission in question was speech protected by the First Amendment. Both arguments are unpersuasive.
First, the trial court should not have considered Sholl's double jeopardy claim until sentencing. When an information contains two or more charges which amount to the same offense, "[d]ouble jeopardy concerns require only that the trial judge filter out multiple punishments at the end of the trial, not at the beginning." Claps v. State, 971 So.2d 131, 134 (Fla. 2d DCA 2007). To this end, double jeopardy protections may not be extended to an earlier stage of the proceeding, such as the filing of the information or jury selection. Id. Otherwise, the trial court would be "usurp[ing] the State's discretion to make strategic decisions about charging alleged criminal activity." Id. at 134-35; see also Ohio v. Johnson, 467 U.S. 493, 500, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984) (stating "the State is not prohibited by the Double Jeopardy Clause from charging respondent with greater and lesser included offenses and prosecuting those offenses in a single trial"). Consequently, Sholl's double jeopardy argument was premature and an improper basis for dismissal.[1]
Sholl's double jeopardy argument was also baseless. The Fifth Amendment guarantee against double jeopardy protects a defendant from, among other things, multiple punishments for the same offense. See Capron v. State, 948 So.2d 954, 957 (Fla. 5th DCA 2007). Offenses are considered separate if they pass the two-pronged test of section 775.021(4)(a), Florida Statutes (2008). First, each offense must "require[] proof of an element that the other does not." § 775.021(4)(a). Second, even if the charges contain different elements, to be considered separate offenses none of the exceptions contained in section 775.021(4)(b) can apply.
Here, the exhibition charge and the transmission charge contain distinct elements. To commit the crime of lewd or lascivious exhibition, a defendant has to perform one of the following in the presence of a victim less than 16 years of age:
(1) Intentionally masturbate;
(2) Intentionally expose the genitals in a lewd or lascivious manner; or
(3) Intentionally commit any other sexual act that does not involve actual physical or sexual conduct with the victim, including, but not limited to, sadomasochistic abuse, sexual bestiality, or the simulation of any act involving sexual activity.
See § 800.04(7)(a), Fla. Stat. (2008).
In contrast, an individual transmits "material harmful to minors" by electronic device by sending any of the following material to a "minor" (i.e. "any person under the age of 18 years" (see § 847.001(8), Fla. Stat. (2008)):
[A]ny reproduction, imitation, characterization, description, exhibition, presentation, or representation, of whatever kind or form, depicting nudity, sexual conduct, or sexual excitement when it:
(a) Predominantly appeals to a prurient, shameful, or morbid interest;
(b) Is patently offensive to prevailing standards in the adult community as a whole with respect to what is suitable material or conduct for minors; and

*1163 (c) Taken as a whole, is without serious literary, artistic, political, or scientific value for minors.
See §§ 847.001(6), 847.0138 Fla. Stat. (2008).
From the face of the statutes, it is obvious these offenses contain unique elements. For instance, the exhibition charge requires the victim to be under 16, while the transmission charge requires the victim to be under 18. Furthermore, the definition of material "harmful to a minor" is different, and considerably broader, than the enumerated activities needed for lewd or lascivious exhibition.
Since the offenses contain different statutory elements, it must next be determined if any of the exceptions listed in section 775.021(4)(b) apply. Section 775.021(4)(b) lists three exceptions to the rule that offenses containing distinct elements warrant separate punishments. The exceptions are for:
(1) Offenses requiring identical elements of proof
(2) Offenses which are degrees of the same offense, as provided by statute; and
(3) Offenses which are lesser offenses, the statutory elements of which are subsumed by the greater offense
The first and second exceptions clearly do not apply here. The third exception applies only in circumstances where one offense is a necessarily included lesser offense of the other. Necessarily included lesser offenses are those crimes which are always committed, as a matter of course, when a greater crime is committed. See State v. Wimberly, 498 So.2d 929, 932 (Fla.1986) (stating a necessarily included lesser offense "is, as the name implies, a lesser offense that is always included in the major offense").
It cannot be argued that transmitting material harmful to a minor via electronic device is a necessarily lesser included offense of lewd and lascivious exhibition. The transmission charge requires the use of an electronic device, which the exhibition charge does not. Nor can it be argued that lewd or lascivious exhibition is a necessarily included lesser offense of transmitting material harmful to a minor via electronic device. A conviction for the transmission charge does not always mean a conviction would have been appropriate for lewd and lascivious exhibition. For example, the transmission charge requires the victim to be under 18, while the exhibition charge requires the victim to be under 16. Therefore, if a defendant transmits material harmful to a minor via electronic device to a 17-year old victim, he/she may be charged under the transmissions statute but not the exhibition statute, as the victim is over 16 years of age.
Given the foregoing, the prohibition against double jeopardy will not be violated if Sholl is convicted and sentenced for the exhibition and transmissions charges. Sholl's argument concerning double jeopardy should have been rejected.
Similarly unpersuasive is Sholl's claim that the transmission charge violated his First Amendment rights. Sholl claimed in his motion that his transmission was protected speech as it was sent via Yahoo, a public website. As support, he cited Simmons v. State, 944 So.2d 317 (Fla.2006), claiming it held section 847.0138 applied only to sexually indecent email communications sent to minors, not to sexually indecent speech posted on public websites. Sholl's selective reading of Simmons ignores language directly applying section 847.0138 to his circumstances.
In Simmons, the Supreme Court addressed whether section 847.0138 violated *1164 the First Amendment's protection of free speech. Finding the statute to be content-based, it applied the strict scrutiny test to determine whether the statute impermissibly restricted protected speech. It found the statute did not, stating:
the State has a compelling interest in protecting the physical and psychological well-being of minors from harmful materials. Further, the statute is narrowly tailored to promote this compelling interest as it only applies to communications sent via `electronic mail' to a specific individual that the sender either knows or believes to be a minor. To the extent that the term `electronic mail' is not sufficiently defined by the statute, we interpret it as including both email and instant message communications sent to a specific individual. Thus, the statute does not apply to websites or other materials posted on the Internet for general public viewing.
Id. at 329 (emphasis added).[2]
In the instant case, the State's traverse included a deposition prepared by the police investigator who corresponded with Sholl during the incident in question. In the deposition, the investigator stated that while logged onto Yahoo using the undercover identity of a thirteen-year-old girl, he received an invitation from Sholl to view a live feed from Sholl's web camera over Yahoo's Instant Messenger system. The investigator claimed he accepted this invitation and Sholl, over the web camera, "exposed his penis" three times.
Since the deposition clarified that the transmission was sent via Yahoo's Instant Messenger service, it was precisely the type of communication defined by Simmons as "electronic mail." This was not a transmission intended for general public viewing, despite the fact that Yahoo is a public website, as it was targeted through Instant Messenger at one specific individual, namely someone whom Sholl believed was thirteen years old. Consequently, the transmission fell within the communication covered by the statute and was not protected by the First Amendment.

Conclusion
For the foregoing reasons, the trial court improperly granted Sholl's motion to dismiss the charge of lewd or lascivious exhibition and the charge of transmitting material harmful to minors via electronic device. The order of dismissal is REVERSED and the matter REMANDED for reinstatement of both charges.
HANKINSON, JAMES C, Associate Judge, concurs; BENTON, J., concurs in judgment with opinion.
BENTON, J., concurring in judgment.
I concur in reversing the grant of appellee's motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), insofar as the order granting motion to dismiss dismissed the charge under chapter 800.04 ("Lewd or lascivious offenses committed upon or in the presence of persons less than 16 years of age"), Florida Statutes (2007), because the motion did not allege that the age of the investigator who was posing as a 13-year-old girl was 16 or greater.
I concur in reversing the grant of appellee's motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), insofar as the order granting motion to dismiss dismissed the charge under section 847.0138, Florida Statutes (2007), because, *1165 as both parties now agree, the double jeopardy claim was premature.
NOTES
[1] Sholl concedes on appeal that his double jeopardy claim was premature. Also, the trial court likely did not base its dismissal of the transmission charge on this argument, as the same order dismissing the transmission charge also dismissed the exhibition charge. Any double jeopardy concerns the trial court may have harbored concerning the transmission charge would have been addressed by its dismissal of the exhibition charge.
[2] The Supreme Court's definition of "electronic mail" affirmed this Court's finding, in the proceedings below, that the statute applied to "electronic mail sent by instant messaging... in addition to e-mail transmissions sent and read at different times." Simmons v. State, 886 So.2d 399, 404 n. 3 (Fla. 1st DCA 2004).