LEWIS, C.J.
Appellant, Darrell Usry, challenges his conviction for lewd or lascivious exhibition pursuant to section 800.04(7), Florida Statutes (2011). Appellant argues on appeal that the trial court erred in denying his motion for judgment of acquittal and committed fundamental error in incorrectly interpreting the law when rendering its verdict. We reject both arguments and affirm.
The victim, who was thirteen when the offense occurred, testified at trial that Appellant, during an approximate one-month period, would stand across the street from her bus stop, cough or clap to get her attention, and expose his genitals to her. The victim further testified that Appellant would wave his “private part.” Although the victim did not include any assertion of masturbation in her statement to police, she demonstrated at trial that Appellant would move his hands back and forth on his “private part.” Appellant would run behind a nearby church if people came near the area and would reemerge when the people were gone. On one occasion, Appellant crossed the street and asked the victim if she was afraid of him. After being confronted by the victim’s mother, Appellant left the area but returned approximately two weeks later and stood outside the victim’s bedroom window at approximately 6:00 a.m. The victim’s mother contacted police, and Appellant was detained the following day after walking towards the victim who was standing at her bus stop.
Appellant, who waived the right to a jury trial, moved for a judgment of acquittal, arguing that the State failed to prove lewd or lascivious exhibition, that the charged crime required some “real obvious masturbatory act or something awfully close to it,” and that.what the victim described was at most a violation of section 800.03, Florida Statutes, which addresses the exposure of sexual organs. The trial court denied the motion.
Following Appellant’s testimony that he only urinated in front of the victim, and after the parties’ closing arguments, the trial court stated in part that the difference between section 800.03 and section 800.04(7), in a “non legal way of looking at it,” was the sexual intent versus an “obnoxious intent.” The trial court found that there was no way to conclude that Appellant’s conduct was anything “other than the sexual intent that’s necessary” for the charged crime. It found Appellant guilty of lewd or lascivious exhibition and aggravated stalking. This appeal followed.
We review the denial of Appellant’s motion for judgment of acquittal de novo. See Huggins v. State, 889 So.2d 743, 765 (Fla.2004). We will not reverse a conviction that is supported by competent, substantial evidence. Id. In this case, we find no error in the denial of Appellant’s motion. The State charged Appellant with lewd or lascivious exhibition, a violation of section 800.04(7), Florida Statutes (2011). The statute provides:
(7) Lewd or lascivious exhibition.—
(a) A person who:
1. Intentionally masturbates;
2. Intentionally exposes the genitals in a lewd or lascivious manner; or
3. Intentionally commits any other sexual act that does not involve actual physical or sexual contact with the victim, including, but not limited to, sadomasochistic abuse, sexual bestiality, or the simulation of any act involving sexual activity in the presence of a victim who is less than 16 years of age, commits lewd or lascivious exhibition.
§ 800.04(7), Fla. Stat. (2011). The words “lewd” and “lascivious” mean the same thing for purposes of the offense, i.e., “a wicked, lustful, unchaste, licentious, or sensual intent on the part of the person doing an act.” Fla. Std. Jury Instr. (Crim.) *990 11.10(e). An offender eighteen years of age or older who commits the offense commits a second-degree felony. § 800.04(7)(b), Fla. Stat. (2011).
In support of Appellant’s motion for judgment of acquittal, defense counsel argued that section 800.04(7) requires some “real obvious masturbatory act or something awfully close to it” and that the evidence showed at most a violation of section 800.08, Florida Statutes. That statute provides:
It is unlawful to expose or exhibit one’s sexual organs in public or on the private premises of another, or so near thereto as to be seen from such private premises, in a vulgar or indecent manner, or to be naked in public except in any place provided or set apart for that purpose. Violation of this section is a misdemean- or of the first degree ....
§ 800.03, Fla. Stat. (2011). Although the statute does not include the words “lewd” or “lascivious,” the standard jury instructions provide that the State must prove that the exhibition or exposure be done in a “vulgar, indecent, lewd or lascivious manner.” Fla. Std. Jury Instr. (Crim.) 11.9. The instruction further provides that all four words mean the same thing, i.e., “an unlawful indulgence in lust or a wicked, lustful, unchaste, licentious, or sensual intent on the part of the person doing the act.” Id.
Contrary to the arguments raised in favor of Appellant’s motion for judgment of acquittal, the Legislature did not only prohibit intentional masturbation or the intentional simulation of a sexual act in the presence of a child under the age of sixteen in section 800.04(7). It also prohibited the intentional exposure of a person’s genitals in a lewd or lascivious manner. Therefore, even without the victim’s trial testimony indicating that Appellant masturbated in her presence, testimony that was not included in her statement to police, the evidence that Appellant exposed himself and waved his “private part” in front of her, when considered with the surrounding circumstances in this case, was more than sufficient to withstand a motion for judgment of acquittal. See State v. Sholl, 18 So.3d 1158, 1161 (Fla. 1st DCA 2009) (noting that a jury could reasonably infer from the appellant’s decision to expose himself during an online chat to someone whom he believed to be a thirteen-year-old girl that he was intentionally acting in a lewd or lascivious manner for purposes of section 800.04(7)).
We also reject Appellant’s argument that the trial court committed fundamental error by incorrectly interpreting the law when rendering its guilty verdict. Although Appellant is correct that section 800.03 requires a sexual intent as opposed to an “obnoxious intent” as noted by the trial court, the fact remains that Appellant’s repeated and intentional exposure of himself to a thirteen-year-old child while she waited at a school bus stop supports a guilty verdict on the charged crime of lewd or lascivious exhibition under section 800.04(7). Although section 800.03 prohibits the exposure of a person’s sexual organs, the statute does not specifically pertain to victims less than sixteen years of age as does section 800.04(7). While committing such an act in front of an adult may only warrant treatment as a first-degree misdemeanor, the Legislature determined that committing the act in front of a child less than sixteen years of age constitutes a felony and deserves a harsher penalty.
Accordingly, we AFFIRM.
BENTON and WETHERELL, JJ., concur.