881 So.2d 52 (2004)
Edward Charles HINES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-3431.
District Court of Appeal of Florida, Fourth District.
August 18, 2004.
*53 Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Appellant, Edward Charles Hines, has timely appealed a final judgment of conviction for failure to report in person at a driver's license office within forty-eight hours after a change in permanent or temporary residence and for failure to secure an identification card or driver's license while being a sex offender, in violation of section 943.0435(4), Florida Statutes. Specifically, Hines challenges the trial court's denial of his motion for judgment of acquittal based on his contention that the evidence was insufficient to prove that appellant changed his residence, temporarily or permanently. "A motion for judgment of acquittal is reviewed under a de novo standard of review." Jones v. State, 869 So.2d 1240, 1242 (Fla. 4th DCA 2004). We reverse Hines' conviction and remand for discharge due to the lack of a prima facie case.
Hines was convicted of violating section 943.0435(4), which states that "within 48 hours after any change in the [sexual] offender's permanent or temporary residence ..., the offender shall report in person to a driver's license office." Section 943.035(1)(c) states that "[p]ermanent residence" and "temporary residence" have the same meaning ascribed in section 775.21. Accordingly, permanent residence means a place where the person abides, lodges, or resides for 14 or more consecutive days. § 775.21(f), Fla. Stat. Temporary residence means a place where the person abides, lodges, or resides for a period of 14 or more days in the aggregate during any calendar year and which is not the person's permanent address. § 775.21(g).
At trial, the State and defense stipulated that appellant was a sexual offender as defined by Florida law. The evidence admitted at trial was that Maria Lawson, Hines' probation officer, visited Hines at his registered residence on June 25, 2002. However, Hines was later unable to be located at his residence after five attempts in an approximate thirty-six hour period between 5:00 a.m. on June 27, 2002 and late in the afternoon on June 28, 2002. No evidence was presented to the jury concerning where and when Hines was eventually located. After the close of the State's case, Hines moved for a judgment of acquittal, arguing that there was no evidence to support a permanent or temporary change in his residence. The trial court denied the motion, ruling that in the light most favorable to the State, a prima facie case has been made. The jury returned a verdict of guilty as charged and Hines was sentenced to three years imprisonment and $1,140 in fees and costs.
On appeal, the State concedes that the evidence was insufficient to support a conviction. *54 We agree and find that this evidence is insufficient to prove that Hines permanently or temporarily changed his residence as defined by the statute. Consequently, Hines' conviction is reversed and the case is remanded for discharge.
REVERSED.
STONE and SHAHOOD, JJ., concur.