THOMAS, J.
Appellant, a convicted sex offender, challenges his conviction for failure to register as a sex offender, in violation of section 943.0435(4)(a), Florida Statutes (2005). Because competent, substantial evidence does not support his conviction for failing to register within 48 hours as required by section 943.0435(4)(a), we reverse.
Section 943.0435(4)(a) requires a sex offender to report to the Department of Motor Vehicles, in person, within 48 hours after a permanent or temporary address change to renew his driver’s license or identification card. During a bench trial, the court found that Appellant was evicted from his residence on Monday, August 22, 2005; thus, he was required to report his new address no later than Wednesday, August 24, 2005.
Appellant does not dispute the trial court’s factual finding that he could have registered his new address in person on August 23, 2005. He argues only that he established at trial that he could not have registered on August 24, because no driver’s license offices were open and roads were closed due to Hurricane Katrina’s impending landfall. As the factfinder, the court accepted Appellant’s testimony as true. The State did not proffer any contrary evidence establishing that Appellant could have registered between August 24 and August 30, when he actually registered at a driver’s license office. Thus, we hold that there is no competent evidence in this case that Appellant violated section 943.0435(4)(a).
As noted, section 943.0435(4)(a) requires a sex offender to report in person to a driver’s license office within 48 hours. We construe this statute to require that a sex offender must report to the office within two business days after the offender changes his permanent or temporary address. Were we to construe this statute otherwise, the State could prove a violation of section 943.0435(4)(a) by showing that an offender had changed his address on Friday after 5:00 p.m., but failed to register in person at a driver’s license office until Monday at 8:00 a.m., despite evidence that no driver’s license office was open for business during the intervening weekend. Under the rule of lenity, Florida’s criminal laws “shall be strictly construed [and] when the language is susceptible of differing constructions, [they] shall be construed most favorably to the accused.” § 775.021(1), Fla. Stat. (2005). The statutory rule of lenity requires our construction of section 943.0435(4)(a), as this section requires a sex offender to physically report to a driver’s license office.
Here, due to the impact of Hurricane Katrina, and based on Appellant’s testimony and proffered evidence, the trial court found as fact that Appellant registered on the second business day during which a driver’s license office was open and available to Appellant.
Because competent, substantial record evidence does not support a guilty verdict for failing to register as a sex offender within a 48-hour period, as required by 943.0435(4)(a), we reverse and remand Appellant’s conviction and sentence with directions to discharge him. See Jones v. State, 790 So.2d 1194, 1197, n. 3 (Fla. 1st DCA 2001) (en banc) (holding that unlike the de novo standard of review applicable to review of the trial court’s denial of a motion for judgment of acquittal, a guilty verdict is reviewed on appeal to determine *1163 whether competent, substantial evidence supports the verdict) (citing White v. State, 446 So.2d 1031 (Fla.1984)).
REVERSED and REMANDED with directions to discharge Appellant.
WOLF and POLSTON, JJ., concur.