VAN NORTWICK, J.
 

 Michael Darrell Robinson, a sexual offender, appeals his conviction for failure to comply with the sexual offender registration requirements of section 943.0435(4), Florida Statutes (2006). In addition, he appeals his sentence contending that the trial court mistakenly concluded it was precluded from considering other mitigating factors besides the statutory factors in section 921.0026(2), Florida Statutes (2006), in determining whether it could downwardly depart from the sentencing guidelines. We reverse appellant’s conviction because, as a matter of law, the evidence was insufficient to establish a violation of section 943.0435(4). Because of our holding, it is not necessary for us to address the sentencing issue.
 

 It is undisputed that appellant was advised of the sexual offender reporting requirements when he was released from prison. On February 5, 2007, appellant completed the Florida Department of Law Enforcement (FDLE) sexual offender registration form stating that he was vacating his residence at 7028 S.W. 18th Place, Gainesville, Florida and would be residing at 413 South Main Street, St. Francis House, in Gainesville, the local homeless shelter. He listed St. Francis House as his current permanent residence. Section 943.0435(1)(c) provides that “permanent residence” has the same meaning ascribed in section 775.21, Florida Statutes (2006). Section 775.21(2)(f) defines “permanent residence” as a “place where the person abides, lodges, or resides for 5 or more consecutive days.” The FDLE form does not provide the offender the option of stating that he has no residence due to homelessness.
 

 The detective who monitors and tracks sexual offenders and predators began an investigation because he knew that it was the policy of the St. Francis House not to allow sexual offenders and predators to reside at the facility. In the meantime, on February 21, 2007, appellant executed another FDLE registration form in which he
 
 *678
 
 changed his permanent address from St. Francis House to 7204 S.W. 44th Place, Apartment 2, Gainesville.
 

 On May 3, 2007, appellant was charged with “knowingly and intentionally” failing “to report a change of his temporary or permanent address ... contrary to section 943.0435(4) ...” Section 943.0435(4)(b) provides:
 

 A sexual offender who vacates a permanent residence and fails to establish or maintain another permanent or temporary residence shall, within 48 hours after vacating the permanent residence, report in person to the sheriffs office of the county in which he or she is located. The sexual offender shall specify the date upon which he or she intends to or did vacate such residence. The sexual offender must provide or update all of the registration information required under paragraph (2)(b).
 
 The sexual offender must provide an address for the residence or other location that he or she is or will be occupying during the time in which he or she fails to establish or maintain a permanent or tempomng residence.
 

 (Emphasis supplied).
 

 At his subsequent nonjury trial, a client services representative for St. Francis House testified that appellant was not a resident in February 2007, explaining that “[h]e inquired about a room, but he never stayed there.” She added that sexual offenders are not allowed a room, but that they can eat at the shelter. She acknowledged that individuals who could not obtain a room often “hang out around St. Francis House.” Regarding those individuals, she testified that she would know who was at the shelter during her work hours, 7:30 a.m. to 3:30 p.m., but that she had no personal knowledge about the
 
 people
 
 who came after she left work.
 

 Appellant testified that he arrived at St. Francis House on or about February 2 and for the next two weeks he slept outside the shelter with about 100 other people. He stated that he never asked to sleep inside on a bed, but he did ask a client services representative if he could sleep inside when the temperature was below freezing. He testified that, when he worked for Labor Finders, he left the shelter at approximately 4:30 a.m. and, when he secured a job with a construction company, he left between 6:00 and 6:15 a.m. After sleeping approximately two weeks at the shelter, he rented an apartment late on a Friday afternoon and the following Monday morning he registered with FDLE and at the county jail.
 

 The trial court ruled that the shelter could not constitute appellant’s permanent residence because “sleeping on the sidewalk outside the place where you’re not allowed is [not] lodging and residing at the place,” and that, therefore, appellant had violated section 943.0435(4). We must respectfully disagree.
 

 We do not believe it is necessary to reach the question of whether a homeless shelter qualifies as a permanent residence under the particular facts of this case. We reach this conclusion because it is undisputed that appellant did advise the local authorities where he could be located and complied with the requirement of section 943.0435(4)(b) that he “provide an address for the residence or other location that he ... is or will be occupying during the time in which he ... fails to establish or maintain a permanent or temporary residence” when he gave the address of St. Francis House. The fact that a client services representative at St. Francis House did not see appellant at the shelter is not dispositive, because appellant explained that he left early in the morning to go to work, before the representative arrived at the shelter for her workday.
 
 See Hines v. State,
 
 881 So.2d 52 (Fla. 4th DCA 2004) (holding that the fact that the probation
 
 *679
 
 officer did not locate the offender at the registered residence after several attempts did not establish that the offender had changed his residence). The State did not contradict appellant’s unrebutted testimony that he was sleeping at the shelter during the evening hours and leaving before the shelter’s representative arrived at work in the morning. Accordingly, the evidence is insufficient that appellant knowingly and intentionally failed to report a change in residence.
 
 Compare Van Wagner v. State,
 
 677 So.2d 314, 317 (Fla. 1st DCA 1996) (“While for a time [the probationer] had no fixed abode and no address to give, he did not withhold information he had from Ms. Glesenkamp. Nor was it shown that he made any change of residence without her consent. Appellant’s penury, homelessness, and unemployment were not intentional, as far as the record shows.”).
 

 REVERSED.
 

 KAHN and WEBSTER, JJ., concur.