41 So.3d 389 (2010)
STATE of Florida, Appellant,
v.
Clifford Eugene CUTWRIGHT, Appellee.
No. 1D09-5792.
District Court of Appeal of Florida, First District.
July 30, 2010.
*390 Bill McCollum, Attorney General, and Trisha Meggs Pate, Assistant Attorney General, Tallahassee, for Appellant.
Nancy A. Daniels, Public Defender, and Steven L. Seliger, Assistant Public Defender, Tallahassee, for Appellee.
ROWE, J.
The State appeals the trial court's order granting Clifford Cutwright's motion to dismiss the information against him. The information charged Mr. Cutwright with failure to comply with the residence registration requirements of section 775.261, Florida Statutes, The Florida Career Offender Registration Act (the Act). The trial court dismissed the information based on its finding that Mr. Cutwright was not required to register under the Act because he lacked a permanent or temporary residence. The court rejected the State's argument that irrespective of whether Mr. Cutwright was homeless, he was required to register any changes in his residence pursuant to section 775.261(4)(d) of the Act. We agree with the State's argument and reverse the trial court's order.
We review the trial court's order granting a motion to dismiss under the de novo standard. State v. Sholl, 18 So.3d 1158, 1160 (Fla. 1st DCA 2009). On April 25, 2003, Mr. Cutwright was deemed a habitual violent felony offender. Habitual violent felony offenders are career offenders subject to registration under the Act. § 775.261(2)(a), Fla. Stat. (2009). On December 22, 2008, a law enforcement officer went to Mr. Cutwright's last known address to confirm his residency after he failed to respond to the annual FDLE career offender address verification letter, which confirms the residence of career offenders. At the residence, the man who answered the door indicated that he had been living at the residence since October 1, 2008, and that Mr. Cutwright had never lived with him. On March 30, 2009, Mr. Cutwright was located, arrested, and charged with failure of a career offender to report a change in his temporary or permanent residence on his driver's license within 2 days of a change in residence, in violation of section 775.261(4)(d).
Under section 775.261(4)(a), a career offender must register with the Florida Department of Corrections within 2 days of establishing a permanent or temporary residence. A "permanent residence" as defined by section 775.261(2)(f) means "a place where the career offender abides, lodges, or resides for 14 or more consecutive days." A "temporary residence" as defined by section 775.261(2)(g) means:
1. A place where the career offender abides, lodges, or resides for a period of 14 or more days in the aggregate during any calendar year and which is not the career offender's permanent address; [or]
....

*391 3. A place where the career offender routinely abides, lodges, or resides for a period of 4 or more consecutive or nonconsecutive days in any month and which is not the career offender's permanent residence, including any out-of-state address.
In addition, under section 775.261(4)(d), a career offender must report in person to a Florida driver's license office "[e]ach time a career offender's driver's license or identification card is subject to renewal and within 2 working days after any change of the career offender's residence or change in the career offender's name by reason of marriage or other legal process." (Emphasis added.)
Mr. Cutwright argues that because he was homeless he could not comply with the registration requirements of the Act by reporting a temporary or permanent residence. As support for his position, he cites section 943.0435(4)(b), Florida Statutes, the sexual offender registration statute, which provides that "[t]he sexual offender must provide an address for the residence or other location that he or she is or will be occupying during the time in which he or she fails to establish or maintain a permanent or temporary residence." In Robinson v. State, 6 So.3d 677, 678-79 (Fla. 1st DCA 2009), this court found that the language of 943.0435(4)(b) provides for the registration of a transient residence for homeless sexual offenders. While Mr. Cutwright is correct that the Career Offender Registration Act does not similarly provide for the registration of a transient residence for homeless career offenders, that does not end our analysis.
Mr. Cutwright's argument ignores the language in section 775.261(4)(d) that requires a career offender to report to a Florida driver's license office within 2 working days "after any change of the career offender's residence." (Emphasis added.) We agree with the State's argument that under the plain language of section 775.261(4)(d), Mr. Cutwright was required to report the change in his residence when he no longer resided at his former address. While a change of residence includes establishing a new residence, it also includes abandoning a previous residence. The section 775.261(4)(d) requirement that a career offender must report any change in residence is independent of the section 775.261(4)(a) requirement to register a new residence. Mr. Cutwright failed to comply with the reporting requirement of section 775.261(4)(d) by failing to report that he no longer resided at his previously reported residence.
It is apparent from the language in section 775.261(4)(i) that the Legislature intended for career criminal offenders to maintain registration under the Act: "A career offender must maintain registration with the department for the duration of his or her life...." In light of the express language of the statute, we find it was error for the trial court to dismiss the information against Mr. Cutwright. Accordingly, we reverse the trial court's dismissal of the information against Mr. Cutwright and remand to the trial court for further proceedings in accord with this opinion.
KAHN, J., concurs; MARSTILLER, J., concurs with opinion.
MARSTILLER, J. concurring.
The Legislature expressed its overarching intent in enacting the Florida Career Offender Registration Act as follows:
The Legislature finds that certain career offenders, by virtue of their histories of offenses, present a threat to the public and to communities. The Legislature finds that requiring these career offenders *392 to register for the purpose of tracking these career offenders and that providing for notifying the public and a community of the presence of a career offender are important aids to law enforcement agencies, the public, and communities if a career offender engages again in criminal conduct. Registration is intended to aid law enforcement agencies in timely apprehending a career offender. Registration is not a punishment, but merely a status. Notification to the public and communities of the presence of a career offender aids the public and communities in avoiding being victimized by a career offender. The Legislature intends to require the registration of career offenders and to authorize law enforcement agencies to notify the public and communities of the presence of a career offender.
§ 775.26, Fla. Stat. (2009). Thus the safety of the public is the primary purpose of this legislation. That Mr. Cutwright's whereabouts were unknown for some five months not only hampered law enforcement, but also endangered the public. Section 775.261(4)(d) aims to prevent such a situation by requiring a career offender to present himself or herself at a driver's license office and report any change of residence within 2 working days after the change occurs. This, as the majority opinion astutely points out, includes a change resulting in the career offender having neither a permanent residence nor a temporary residence as defined in section 775.261(2)(g). And Mr. Cutwright was properly charged with "fail[ing] to, within two working days after ... a change in his permanent or temporary residence, ... report in person to the driver's license office of the Department of Highway Safety and Motor Vehicles." I fully concur in the decision to reverse the order dismissing the information filed against Mr. Cutwright.
The practical concern raised by this case is that it is unclear how the agencies involved in the registration scheme are to deal with the career offender who reports that he or she is homeless. The Legislature has devised and articulated a method for homeless sex offenders to register a transient residence, see section 943.035(4)(b), and I urge the Legislature to do the same for career offenders.