MARSTILLER, J.
Bernard Parks (“Appellant”), a sex offender, appeals the denial of his dispositive motion to dismiss an information charging him with failing to notify authorities that he had changed or vacated his permanent residence, a requirement for all sex offenders under section 943.0435(4), Florida Statutes. Appellant argues that the State did not make a prima facie showing that he violated the statute because the undisputed facts failed to establish both that he vacated his registered residence and that he was residing elsewhere. We disagree and affirm.
On June 23, 2011, Appellant was released from prison and, in compliance with section 943.0435, the sex offender registration statute, informed the proper authorities that his permanent address would be 609 Allen Avenue, Panama City, Florida, 32401, a local rescue mission. Panama City Police Officer Bethlehem conducted address verifications for Appellant on June 27, 2011, and July 1, 2011. Both attempts were unsuccessful. Officer Bethlehem then spoke with Mission Client Advocate Jack McCord, who provided records indicating Appellant had spent the night in the shelter only once, June 25, 2011, since his release from prison. Officer Bethlehem also spoke with additional staff and clients at the shelter, none of whom knew Appellant’s current location. Based on these facts, the State charged Appellant with failing to comply with the registration requirements of section 943.0435(4), Florida Statutes (2011).
After conducting discovery, Appellant moved to dismiss the information, asserting that there were no material facts in dispute, and that the undisputed facts do not establish a prima facie case of guilt. In the sworn motion, Appellant alleged, inter alia:
11. Mr. McCord stated that he is the manager of the Day Center at the Rescue Mission ... Mr. McCord explained the documentation that was provided to Ofc. Bethlehem is the recorded times when the Defendant utilized available resources. Mr. McCord works only during the day and is not present at night to verify whether or not the Defendant is staying in the Rescue Mission or sleeping outside the Mission. The Rescue Mission has limited space available for sleeping. Clients who do not utilize the Emergency Shelter resource often sleep outside of the Rescue Mission on the property. There is Rescue Mission staff who will patrol the grounds of the mission and may “run off’ the clients and the clients may return to the property after being “run off’. The staff, however, does not document who are sleeping outside on the grounds of the Rescue Mission. The last time defendant utilized the Rescue Mission’s resource of Emergency Shelter was June 25, 2011.
12. There is no evidence offered that Defendant lived in any other place than 609 Allen Avenue.
The trial court denied the motion to dismiss, and Appellant thereafter pled no contest to the charge, reserving the right to appeal the denial of his dispositive motion.[1], [2]
*476 Under Florida Rule of Criminal Procedure 3.190(c)(4), a defendant may-move to dismiss an indictment or information if “[t]here are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant.” The State is not required to pre-try its case in defense of a motion to dismiss, but need only present sufficient facts that, when viewed in a light most favorable to the State, show that a reasonable jury could find in its favor. See State v. Terma, 997 So.2d 1174, 1177-78 (Fla. 3d DCA 2008) (stating the State is entitled to the most favorable construction of the facts possible); State v. Ortiz, 766 So.2d 1137, 1142 (Fla. 3d DCA 2000) (stating that when considering a Rule 3.190(c)(4) motion, “the state is entitled to the most favorable construction of the evidence with all inferences being resolved against the defendant”).
Here, the information that Appellant moved to dismiss charged him with violating section 943.0435(4), Florida Statutes (2011), which provides, in pertinent part:
(a) [Wjithin 48 hours after any change in the [sexual] offender’s permanent, temporary, or transient residence ... the offender shall report in person to a driver’s license office....
(b) A sexual offender who vacates a permanent, temporary, or transient residence and fails to establish or maintain another permanent, temporary, or transient residence shall, within 48 hours after vacating the permanent, temporary, or transient residence, report in person to the sheriffs office of the county in which he or she is located. The sexual offender shall specify the date upon which he or she intends to or did vacate such residence.... The sexual offender must provide an address for the residence or other place that hé or she is or will be located during the time in which he or she fails to establish or maintain a permanent or temporary residence.
The facts the State relied on showed that Appellant’s only documented stay at the Rescue Mission was June 25, 2011, and that Officer Bethlehem searched there for Appellant on two occasions but did not find him. In addition, neither staff nor other clients of the facility had seen Appellant there since June 25, 2011, or knew his whereabouts as of July 1, 2011. Viewed in the light most favorable to the State, we conclude that the facts and reasonable inferences show Appellant had vacated the Rescue Mission.
Relying on Robinson v. State, 6 So.3d 677 (Fla. 1st DCA 2009), Appellant contends that the State also was required to show he was not sleeping on the grounds of the Rescue Mission in order to establish a prima facie case of guilt. But that case was in a different procedural posture than the one now before us, and is, for that reason, distinguishable. In Robinson, we held that the State failed to rebut the defendant’s testimony at trial that he had been sleeping for two weeks on the sidewalk outside the shelter he had registered as his permanent residence. 6 So.3d at 678-79. Here, for purposes of establishing a prima facie violation of section 943.0435(4), we find it sufficient that Officer Bethlehem spoke to the Rescue Mis *477 sion manager, staff, and other clients, and that no one had seen Appellant there since June 25, 2011.
Appellant further contends that the State could not establish a prima facie violation without presenting facts showing he was living elsewhere. We disagree. Section 943.0435(4)(a) requires a sexual offender to report to a driver’s license office within 48 hours after “any change” in residence. In State v. Cutwright, 41 So.3d 389, 391 (Fla. 1st DCA 2010), we interpreted identical language in section 775.261(4)(d), Florida Statutes,[3] relating to career offender registration, to include not only establishing a new residence, but also abandoning a previous residence. Moreover, section 943.0435(4)(b) contemplates the circumstance in which the offender has vacated a permanent, temporary, or transient residence “and fails to establish or maintain another permanent, temporary, or transient residence[.]” Therefore, the State had only to set forth facts showing that Appellant had vacated or abandoned his registered residence. Because the undisputed facts provided prima facie proof that Appellant vacated the Rescue Mission and failed to report the change in residence as required by section 943.0435, the trial court correctly denied Appellant’s motion to dismiss.
AFFIRMED.
THOMAS and WETHERELL, JJ., concur.

. We review the denial de novo. See State v. Sholl, 18 So.3d 1158, 1160 (Fla. 1st DCA 2009).

. The State posits that this appeal is moot because Appellant was sentenced to time served, meaning his sentence is already com *476 plete. We disagree because there is a distinction between appeals challenging the illegality of a sentence and the illegality of the underlying conviction. Even if a defendant’s sentence has expired, when "the issues to be raised on appeal challenge the legality of the conviction, rather than the sentence!,] [t]he possibility of removing the stigma of a conviction represents a significant practical purpose demonstrating the continuing viability of the appeal.” Lamb v. State, 526 So.2d 998, 998 (Fla. 1st DCA 1988).

. "[W]ithin 2 working days after any change of the career offender’s residence ... the career offender must report in person to a driver’s license office....” § 775.26l(4)(d), Fla. Stat. (2009).