DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FRANK J. BOLTRI,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-2943

[October 28, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey Colbath, Judge; L.T. Case No. 09CF004452AMB.

Valerie Masters, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Frank Boltri ("Appellant") appeals his conviction for failure to properly register as a sex offender in violation of section 943.0435(14)(a), (14)(c)4, and (9)(a), Florida Statutes (2009). We affirm his conviction and write to clarify that a sex offender must actually complete the reregistration process, or at least show good cause for the failure to do so, in order to be compliant with Florida registration requirements.

Following his initial registration, Appellant is required to reregister as a sex offender with local law enforcement twice a year, in both February and August. Although Appellant successfully registered with the Palm Beach County Sheriff's Office ("PBSO") in November 2008, his name was absent from the list of registrants/reregistrants in February 2009. Appellant was arrested in April 2009 and charged with failure to properly reregister.

At his trial, Appellant testified that he had gone to the PBSO stockade in February 2009 to reregister. He claimed that when he spoke with an officer, he was told that he would need to get an updated ID in order to

register with his new address and that he should get one an updated ID and come back within 48 hours. Appellant testified that he knew it would be impossible to get an updated ID in this time period, so he simply went home. Appellant next registered with PBSO in July 2009, following his arrest three months earlier.

The State presented testimony from PSBO officers that offenders do not need an updated ID in order to reregister. An offender's information could be verified through the registry's online database and his or her identity confirmed with a photograph on file.

Section 943.0435(14)(a) reads "[a] sexual offender must report in person each year during the month of the sexual offender's birthday and during the sixth month following the sexual offender's birth month to the sheriff's office in the county in which he or she resides or is otherwise located to reregister." Appellant argues, among other things, that his conviction must be reversed because he complied with the terms of the statute by "reporting in person" to the PBSO stockade.

Such a reading of the statute would require ignoring that the purpose of reporting in person is "to reregister." Section 943.0435(14)(c), while not listed on the Appellant's charging documents, describes what reregistration entails. That subsection states: "Reregistration must include any changes to the following information:" and provides a comprehensive list of personal identification and location information to be provided by the reregistering offender, including any changes to the offender's permanent, temporary, or "transient" address. *See* § 943.0435(14)(c)1.-3., Fla. Stat. (2009). Applying the "whole text" and "harmonious-reading" canons,[1] and thus reading the subsections listed in the information together with the rest of the statute, it is clear that the Legislature did not intend for offenders to merely "report in person" to a Sheriff's Office and then leave without talking to anyone or providing the required information.

We recognize that there may be forces outside any individual's control which may hinder an individual's timely registration or reregistration. For example, in *Griffin v. State*, 969 So. 2d 1161 (Fla. 1st DCA 2007), an offender was prevented from timely registering due to Hurricane Katrina shutting down all registration facilities in the state. *Id.* at 1162. However, the individual in that case registered the next day an office was open. *Id.*

---

[1] ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 167-69 & 180-82 (2012).

In this case, assuming arguendo that Appellant's version of events is correct, he took no action before his April arrest to attempt to comply with the PBSO officer's instructions and ensure that he was properly reregistered. The law may be able to make accommodations for legitimate obstacles to compliance, but cannot accept an admission of defeat at the first sign of resistance.[2] Appellant had an obligation to fully reregister and, by his own admission, failed to do anything beyond a cursory and incomplete attempt at compliance. We accordingly affirm his conviction.

*Affirmed.*

CIKLIN, C.J., and MAY, J., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

---

[2] We recognize that Appellant may have been unable to comply with the "48 hours" instruction from the officer, but nothing suggests that he would not have been able to comply with the broader instruction to return with an updated ID when one was procured. An offender who is actively attempting to receive an updated ID with which to reregister and who is simply delayed by the inevitable red tape that process involves may present a different case, and a different outcome, than that at bar.