WINSOR, J.
Eric Peterson was convicted of violating section 943.0435(4), Florida Statutes, which requires sex offenders to report changes of residence. On appeal, he argues there was insufficient evidence, to support his conviction. We agree and reverse.[1]
According to the information, Peterson was a sex. offender who “did- within 48 hours after reporting to the sheriffs office in the proper jurisdiction, knowingly and intentionally fail to report in person to the driver’s license office of the Department of Highway Safety and Motor Vehicles within forty-eight (48) hours after a change in ... residence.” This, the information alleged, was “contrary to Section 943.0435(4),” which provided:
(4)(a) [Wjithin 48 hours after any change in the offender’s permanent, temporary, or transient residence ... the offender shall report in person to a driver’s license office ...
(b) A sexual offender who vacates a permanent, temporary, or transient residence and fails to establish or maintain another permanent, temporary, or transient residence shall, within 48 hours after vacating the permanent, temporary, or transient residence, report in person to the sheriffs office of the county in which he or she is, located_
§ 943.0435(4), Fla. Stat. (2013).[2]
Peterson was a sex offender, and he changed his residence. (He stipulated to the former; there was ample evidence of the latter.) Therefore, section 943.0435(4)(a) obligated him -to report the change to a driver’s license office. See Griffin v. State, 969 So.2d 1161, 1162 (Fla. 1st DCA 2007). But the short trial (only three witnesses testified) featured no evidence that Peterson failed to report to a driver’s license office as charged in the information. That charged conduct, therefore, cannot support the conviction. In fact, the State does not contend otherwise. The State argues instead that Peterson violated subsection (4)(b), which required reporting to the sheriffs office — and which said nothing about driver’s license offices. But the evidence no more supports a conviction under subsection (4)(b) than .under (4)(a).[3]
Unlike subsection (4)(a), which required sex offenders to report after “any change” in their permanent, temporary, or transient residence, subsection (4)(b) applied only when an offender left one residence without establishing a new one: “A sexual offender who vacates- a permanent, temporary, or transient residence and fails to establish or maintain another permanent,temporary, or transient residence ” must *1066 report to • the sheriffs ■ office. § 943,0435(4)(b), Fla. Stat. (2013) (emphasis added). This required, for example, that homeless sexual offenders tell the sheriffs office where they can be found. See id. (offender must report where “he or she is or will be located during the time in which he or she fails to establish or maintain a permanent or temporary residence”); see also State v. Cutwright, 41 So.3d 89, 391 (Fla. 1st DCA 2010) (noting application to homeless offenders). Here, the State did not prove that Peterson became homeless or that he otherwise vacated one residence while failing to establish another.
According to the State, though, it proved all it needed to prove. Relying on its misreading of Parks v. State, 96 So.3d 474 (Fla. 1st DCA 2012), the State insists that “proving the Appellant vacated his residence was sufficient to show that he failed to establish or maintain another residence.” State Br. at 16. Not so. This Court did' hold in Parks that “the State Had only to set forth facts showing that Appellant had vacated or abandoned his registered residence,” id. at 477, but that related to subsection (4) generally — not to subsection (4)(b) specifically; id. at 476-77 (“[F]or purposes of establishing a prima facie violation of- section 943.0436(4), we find it sufficient that ... no one had seen Appellant [at his registered residence].”). We noted the difference between subsections (a) and (b), explaining -that the former “requires a sexual offender to report to a driver’s license office within 48 hours after ‘any change’ in residence,” while the latter “contemplates the circumstance in which the offender has vacated a permanent, temporary, or transient residence ‘and fails to establish'or maintain another.’ ” . Id. at 477 (quoting statute), Putting. those together, it was enough to show that the appellant abandoned his residence without reporting it. In other words, even if the State could not prove in Parks that the offender established a new residence, his leaving his old residence still counted as “any change,” meaning subsection (4)(a) required reporting. But here, the State relies exclusively on subsection (4)(b), which by its own terms applies only when an offender “fails to establish or maintain another permanent,' temporary, or transient residence.”
Because the State did not present evidence to support a conviction, the trial court should have granted- Peterson’s motion for judgment of acquittal. See Long-well v. State, 123 So.3d 1197 (Fla. 1st DCA 2013). We therefore reverse and remand for entry of a judgment of acquittal and other proceedings consistent with this opinion.
REVERSED AND REMANDED.
. WOLF and WINOKUR, JJ., concur.

. Because we reverse on this basis, we do not reach Peterson's alternative argument regarding jury instructions.

. The current version is different, but we look to the version in effect at the time of the alleged crime.

. The parties dispute whether the information, which specifically alleged Peterson failed to appear at a driver’s license office (a violation of subsection (4)(a)), sufficiently alleged.a violation of (4)(b). The State maintains that by referencing subsection (4), the information implicitly alleged conduct contrary to subsections (4)(a) and (4)(b), thus implicitly alleging that Peterson failed' report to. the sheriff’s office. Because the evidence did not support a conviction based on (4)(b), we need not decide whether a violation of (4)(b) was properly charged.