DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PAUL DEMUS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-3497

[October 10, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Timothy L. Bailey, Judge; L.T. Case No. 15-004876CF10A.

Carey Haughwout, Public Defender, and Ikram Ally, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Appellant challenges his convictions for two counts of failure to register as a sexual offender. The information charged appellant with failing to register within forty-eight hours after establishing or maintaining a permanent or transient address in Broward County and failing to similarly report to the Driver's License Bureau. Appellant moved for judgment of acquittal at the close of the State's case, because the State failed to prove the elements of the crime alleged in the information. The trial court denied the motion. We reverse because the State presented no evidence that appellant had established any type of residence in Broward County within the time frame alleged in the information.

The State filed an information charging the appellant with failure to register as a sex offender. Count I of the information stated:

[Appellant] on or between the 3rd day of February, 2015, and the 10th day of April, 2015, in the County and State aforesaid [Broward County], being a sexual offender, did fail to report in

person within 48 hours of establishing a permanent, temporary, or transient residence within Broward County, Florida and provide the required information to the Broward County Sheriff's Office contrary to FS 943.0435(2) and 943.0435(9)(a).

Count II of the information provided:

> [Appellant] on or between the 3rd day of February, 2015, and the 10th day of April, 2015, in the County and State aforesaid, being a sexual offender, did fail to report in person to a driver's license office and provide the required information within 48 hours after a change in his permanent, temporary, or transient residence, contrary to FS 943.0435(4) and 943.0435(9).

The parties stipulated that appellant was previously convicted as a sexual offender, which triggered the reporting requirements of section 943.0435, Florida Statutes. At trial, the State's sole witness was an employee of the FDLE in the Sex Offender Registry Department in 2015. On March 25, 2015, she searched several databases and discovered that appellant never registered within the forty-eight hour period after he was released from the Department of Corrections. She noted that the databases reflected that he had been released from prison on February 1, 2015. His last registration prior to his prison term was in 2009, at which time he listed his residence in Miami. Over objection, she was allowed to testify that he had registered on June 1, 2015 (a date outside the time parameters in the information), as a transient in Broward County. The FDLE employee had no personal knowledge as to where he was actually residing from February 1, 2015, to the date of her search. She had seen a video of him leaving a supermarket in Hollywood, Florida, but no date of that video was given. A "Record of Inmate Discharge" form admitted by the State through her testimony and signed by appellant on January 20, 2015, noted his "County of Discharge" as "Miami Dade" and his Release Address as homeless, "Miami, FL." It also noted that transportation was required to Miami.

After presentation of the State's case, appellant's attorney moved for judgment of acquittal, contending that the State had failed to prove that appellant had ever established any kind of residence in Broward County. The trial court denied the motion. The defense presented no witnesses, and the case was submitted to the jury. On the charges of failure to register, the jury was instructed as follows:

To prove the crime of failure by a sexual offender to comply with registration requirements the state must prove the following three elements beyond a reasonable doubt.

1. Paul Demus is a sexual offender.

2. Paul Demus established a permanent, temporary or transient residence in Broward County, Florida.

3. Paul Demus knowingly failed to register in person at an office of the Sheriff of Broward County within 48 hours after establishing permanent, temporary, or transient residence within the state.

To prove the crime of failure by a sexual offender to comply with registration requirements, the state must prove the following three elements beyond a reasonable doubt.

1. Paul Demus is a sexual offender.

2. Paul Demus established or maintained a permanent or temporary or transient residence in Broward County, Florida, and

3. Paul Demus, knowingly failed to report in person to a driver's license office of the Department of Highway Safety and Motor Vehicles within 48 hours after any change in his permanent, temporary or transient residence.

The jury found appellant guilty, and the trial court sentenced him to 14.8 years in prison. Appellant now appeals his conviction.

Appellant contends that the court erred in denying his motion for judgment of acquittal, because the State did not prove that he had established any residence in Broward County. We review the denial of a motion for judgment of acquittal de novo. *Pagan v. State*, 830 So. 2d 792, 803 (Fla. 2002).

In Count I of the information, appellant was charged with a violation of section 943.0435(2), Florida Statutes (2014). That section provides:

(2) A sexual offender shall:

3

(a) Report in person at the sheriff's office:

1. In the county in which the offender establishes or maintains a permanent, temporary, or transient residence within 48 hours after:

a. Establishing permanent, temporary, or transient residence in this state; or

b. Being released from the custody, control, or supervision of the Department of Corrections or from the custody of a private correctional facility[.]

The information, however, alleged facts which, if proved, would establish a violation of section 943.0435(2)(a)1.a. It did not allege a violation of the statute by failing to report within forty-eight hours of being released from custody.

> The general rule is where an offense may be committed in various ways, the evidence must establish it to have been committed in the manner charged in the indictment. The Statute provides a penalty for acts in the disjunctive. The indictment or information may have alleged them in the conjunctive and proof of one would have sufficed but *if one of the state of facts is alleged, it cannot be established by proof of the other*.

*Long v. State*, 92 So. 2d 259, 260 (Fla. 1957) (emphasis supplied). Thus, the State was required to prove that appellant had failed to report within forty-eight hours of establishing a residence of some sort in Broward County. The State failed to prove that element. The FDLE employee proved only that appellant had not registered in Broward County. She offered no evidence that he had established any type of residence in Broward County. In fact, the only evidence of residence was found on the Inmate Release form admitted by the State which states that his residence will be in Miami.

The State suggests that the defense conceded the defendant's residence was in Broward County when, in opening argument, the defense attorney stated that appellant mistakenly was let off a bus in Broward County rather than Miami. Not only is what is said in argument not evidence, but defense counsel never admitted that appellant resided in Broward. Even if he had been let off the bus in Broward, defense counsel stated that

appellant's intent was always to reside in Miami. Defense counsel never admitted that appellant spent even a night in Broward.

Second, the State contends that when defense counsel asked the FDLE employee whether she had any personal knowledge of appellant's whereabouts, she first said she received a tip that was phoned in, and she looked at a video of him shopping at a grocery store. The defense counsel then asked whether she had any personal knowledge of appellant's whereabouts, which she stated she did not. Neither the tip nor the grocery store video provides any evidence for the court to deny the motion for judgment of acquittal. The witness did not provide any details about either the tip (which would have been inadmissible hearsay) or the video, nor did she provide a date for either. A video of appellant shopping in a store would not prove that he resided in the county in which that store was located. As to the tip, it is not evidence of appellant's guilt. The employee only referred to it as supporting her *belief* that appellant resided in Broward County. One cannot infer from the fact that the employee received a tip that it confirmed appellant's residence in Broward County. It is just as likely that the tip suggested a sighting of appellant at the store where the video was recorded. Furthermore, at the commencement of trial the court had already ruled that tips received by FDLE were inadmissible, and the video was not revealed to the defense prior to trial. The court ultimately directed the State not to refer to either in its closing argument. As there was no evidence to show that appellant was a resident of Broward County in any capacity, the court should have granted the motion for judgment of acquittal on Count I.

Count II alleged a violation of section 943.0435(4), Florida Statutes (2014) which provides:

> (a) Each time a sexual offender's driver license or identification card is subject to renewal, and, without regard to the status of the offender's driver license or identification card, within 48 hours after any change in the offender's permanent, temporary, or transient residence . . . the offender shall report in person to a driver license office, and is subject to the requirements specified in subsection (3).

The statute requires proof that the offender *changed* a residence without then reporting it to the driver's license bureau. The State never proved that appellant *changed* his residence. It attempted, and failed, to prove that he established a residence in Broward County pursuant to section 943.0435(2)1.a., Florida Statutes. But it neither argued nor provided any proof that he changed his residence after release from prison. His

residence prior to prison was Miami, and no evidence was introduced that showed any change in residence during the time period listed in the information. Indeed, the inmate release form confirmed that appellant would be returning to Miami upon release.

The jury instructions required proof of the following elements: first, that the offender had established a residence; second, that he had changed his residence; and third, that he had not reported to the driver's license agency within forty-eight hours of the change. Under section 943.0435(4)(a) a change in residence may be established by proof that the defendant abandoned a prior residence or established a new residence. *See Parks v. State,* 96 So. 3d 474 (Fla. 1st DCA 2012). But in this case, the State neither proved that appellant established his residence in Broward County nor changed nor abandoned it. Thus, the court also erred in denying the motion for judgment of acquittal as to Count II.

For the foregoing reasons, we vacate the conviction and direct that the court enter a judgment of acquittal as to the charges. Because he continues to be a sexual offender, however, compliance with section 943.0435 must continue.

GROSS and GERBER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

6