# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

—————————————————

No. 1D2022-1820

—————————————————

JUAN RAMON NAVA,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

—————————————————

On appeal from the Circuit Court for Liberty County.
James C. Hankinson, Judge.

February 21, 2024

WINOKUR, J.

Juan Ramon Nava appeals his conviction for failure of a sexual offender to report a change in information. We affirm the judgment and sentence in all respects, but write to address Nava's claim that the jury instructions in his case were fundamentally erroneous.

I

The State filed a one-count information against Nava. The title of the count read as follows: FAILURE OF SEXUAL OFFENDER TO REPORT A CHANGE IN INFORMATION. The body of the charge read in full as follows:

On or about December 9, 2021 [Nava] did unlawfully as a "sexual offender" per Section 943.0435(4) (fail to report a change in the information required to be provided pursuant to Section 943.0435(4)(b)(l), to wit: Failed to Update Address, within 48 hours as required as follows:

To the Department of Law Enforcement through their online system; in person at the Liberty County Sheriff's Office; in person at the Department of Corrections, or in person at the Department of Juvenile Justice, contrary to Sections 943.0435(9) & (14)(c), Florida Statutes.

Section 943.0435, Florida Statutes, is entitled "Sexual offenders required to register with the department; penalty." Subsection (9)(a) states that a violation of this section constitutes a third-degree felony.

Subsection (4), which sets forth requirements for change of residence for sexual offenders, identifies several ways that a sexual offender may violate section 943.0435. The following table compares the two of those requirements:

| 943.0435(4)(a) | 943.0435(4)(b)1. |
|---|---|
| "within 48 hours after any change in the offender's permanent, temporary, or transient residence . . . , the offender shall report in person to a driver license office . . . ." | "A sexual offender who vacates a permanent, temporary, or transient residence and fails to establish or maintain another permanent, temporary, or transient residence shall, within 48 hours after vacating . . . , report in person to the sheriff's office of the county in which he or she is located." |

The information in this case charged a violation of section 943.0435(9), Florida Statutes, referring to the requirements of section 943.0435(4).

It is unclear whether the State alleged a specific violation of paragraph (4)(a) or subparagraph (4)(b)1. On the one hand, the information explicitly mentions section 943.0435(4)(b)1., which generally applies to "homeless sexual offenders." *See State v. Cutwright*, 41 So. 3d 389, 391 (Fla. 1st DCA 2010) (noting that section 943.0435(4)(b) "provides for the registration of a transient residence for homeless sexual offenders"); *see also Peterson v. State*, 198 So. 3d 1064, 1066 (Fla. 1st DCA 2016) ("[Section 943.0435(4)(b) requires] that homeless sexual offenders tell the sheriff's office where they can be found.").

On the other hand, the information mentions a failure to update an *address*—which suggests a violation of section 943.0435(4)(a). *See generally Griffin v. State*, 969 So. 2d 1161, 1162 (Fla. 1st DCA 2007) ("Section 943.0435(4)(a) requires a sex offender to report to the Department of Motor Vehicles, *in person*, within 48 hours after a permanent or temporary address change to renew his 'driver's license or identification card.").

Nava never addressed this discrepancy at trial. Instead, both Nava and the State treated the case as if the information charged Nava with failing to report a change of address, required by section 943.0435(4)(a). The State claimed that Nava had either moved from one place to another or had established a second, unreported residence. Nava argued that he had not moved at all, he had just moved one of his trailers to the second property.

A single, standard instruction addresses subsection 943.0435(4), Florida Statutes. The instruction provides trial courts with specific options for violation of subsections (4)(a) and (4)(b)1. In this case, however, the trial court did not instruct the jury based on either of those options. Instead, the trial court created a unique, non-standard instruction. The following table compares the standard instruction options with the actual instruction provided to the jury in this case:

3

| § 943.0435(4)(a) | § 943.0435(4)(b)(1) | This case |
|---|---|---|
| Defendant is a sexual offender. | Defendant is a sexual offender. | Juan Nava has agreed or stipulated that he has been convicted as a sexual offender... |
| Defendant [established] [maintained] a permanent, temporary, or transient residence in (name of county) County, Florida. | Defendant [established] [maintained] a permanent, temporary, or transient residence in (name of county) County, Florida. | Juan Nava established or maintained a permanent, temporary, or transient residence in Liberty County, Florida. |
| Defendant knowingly failed to report in person to a driver's license office of the Department of Highway Safety and Motor Vehicles . . . within 48 hours after any change in [his] [her] permanent, temporary, or transient residence. | Defendant knowingly failed to report in person to an office of the sheriff of (name of county) County, within 48 hours of vacating [his] [her] permanent residence and failing to [establish] [maintain] another [permanent] [temporary] [transient] residence. | Juan Nava knowingly failed to report a change of his address in person at an office of the sheriff of Liberty County or the Department of Corrections within 48 hours after the change. |

*See* Fla. Std. Jury Instr. (Crim.) 11.14(d). The third element of the jury instruction actually provided in this case combines parts of subsections (4)(a) and (4)(b)1. As to (4)(a), the instruction stated that "Juan Nava knowingly failed to report a change of his address." This suggests that Nava moved to another, physical location. With regard to (4)(b)1., however, the instruction stated that Nava failed to report to "the sheriff of Liberty County or the Department of Corrections." This suggests that Nava became homeless—as sexual offenders with a new address report to the

4

Department of Highway Safety and Motor vehicles whereas sexual offenders with no new address report to the local sheriff's office.

Nava acknowledges that he failed to object to the jury instructions, but he claims that the discrepancy between the elements charged in the information and the elements set forth in the instructions constitutes fundamental error, for which he is entitled to reversal even without a proper objection. We disagree. Under the particular circumstances of this case, the inconsistency between the information and the instructions does not render Nava's conviction fundamentally erroneous.

II

Jury instructions "are subject to the contemporaneous objection rule, and absent an objection at trial, can be raised on appeal only if fundamental error occurred." *Reed v. State*, 837 So. 2d 366, 370 (Fla. 2002) (quoting *State v. Delva*, 575 So. 2d 643, 644 (Fla. 1991)).

Because Nava did not object to the jury instruction in this case, his claim of error may only be reviewed for fundamental error. *See Cruz v. State*, 320 So. 3d 695, 722 (Fla. 2021) (reviewing error from omitted instruction for fundamental error because the defendant did not object to the omission); *see also Knight v. State*, 286 So. 3d 147, 151 (Fla. 2019) ("In the absence of a contemporaneous objection at trial, a jury instruction error is only subject to relief in the event of fundamental error.").

To qualify as fundamental and therefore "justify not imposing the contemporaneous objection rule, 'the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.'" *Delva*, 575 So. 2d at 644–45 (quoting *Brown v. State*, 124 So. 2d 481 (Fla. 1960)).

With regard to an omitted element in a jury instruction, "fundamental error occurs only when the omission is pertinent or material to what the jury must consider in order to convict." *Delva*, 575 So. 2d at 645 (quoting *Steward v. State*, 420 So. 2d 862, 863 (Fla. 1982)). Hence, "[f]ailing to instruct on an element of the crime

5

over which the record reflects there was no dispute is not fundamental error . . . ." *Id*. For example, if the instruction fails to inform the jury that the defendant must have actual knowledge of contraband, but if the defendant solely argues that he did not possess the contraband, then no fundamental error occurs. *Id*.

As to a misstated element in a jury instruction, the same principle applies. If the jury instruction incorrectly defines an element in a manner that makes it easier for the State to obtain a conviction, no fundamental error occurs if the defendant does not dispute that element at trial. *See Reed*, 837 So. 2d at 370.

Applying this standard to Nava's trial, no fundamental error occurred. First, the entire case proceeded on the premise that the requirement of section 943.0435(4)(a) (failure to report a change in residence) was the one that Nava violated. The evidence established such a violation. Just as important, Nava himself defended the case as if change of address had been charged. Nava claimed in his opening statement that he "didn't change his address." He moved for judgment of acquittal on the ground that the State failed to prove that he "changed his address and did not update that address within 48 hours." He argued in closing that he did not "change his address." In fact, the crime argued at trial, by the State and by Nava, was consistent with the jury instructions. Even though these instructions were not consistent with the specific subparagraph charged in the information, they did accurately set forth the elements of the crime the parties argued at trial.

Moreover, Nava's theory at trial was that he never changed his residence at all. This defense would have applied whether Nava had been charged with failing to report a change in residence or with failing to report after vacating and not establishing a new one. The fact that his defense would not have changed if either offense had been charged shows a lack of prejudice from the instruction error.

Second, Nava only disputed *whether* he was required to report—he never disputed *where* he was required to report. Therefore, the reporting location is immaterial for the purposes of our fundamental error review. *Cf. Battle v. State*, 911 So. 2d 85, 89

6

(Fla. 2005) ("[A] dispute does not arise when mistaken identity is the sole defense and the facts of the crime are conceded by the defendant." (citing *Delva*, 575 So. 2d at 645)).

We note that, had Nava objected to the language of the charging document, the State could have amended the information, even midtrial, without prejudicing Nava's ability to mount *his* defense in this case—that is, he never left the original residence. *See Thach v. State*, 342 So. 3d 620, 623–24 (Fla. 2022) (holding that the State can amend the information during trial unless the defendant makes an individualized showing of prejudice to his substantial rights). To find fundamental error in such a scenario would only encourage "hip pocket appeals." *See DeFreitas v. State*, 701 So. 2d 593, 603 (Fla. 4th DCA 1997) (Gunther, J., concurring in result only):

> To allow broad direct review of a criminal trial on the basis of fundamental error supplies no motivation whatsoever to a defense attorney to object when various errors occur throughout a trial. To the contrary, a defense attorney might well be motivated to not object to the errors as they occur and then if the verdict is not to his or her client's favor, he has a "hip-pocket" appeal because the defense attorney can argue that so many unobjected-to errors occurred during trial that the errors magically transformed into fundamental error on direct appeal.

## III

Appellate courts should find fundamental error in only the rarest of cases. *See Figueroa-Sanabria v. State*, 366 So. 3d 1035, 1055 (Fla. 2023) ("Fundamental errors are few and rare." (citing *Smith v. State*, 521 So. 2d 106, 108 (Fla. 1988))); *see also Sheppard v. State*, 151 So. 3d 1154, 1166 (Fla. 2014) ("The principle [of fundamental error] is applied only in rare cases[.]"); *F.B. v. State*, 852 So. 2d 226, 229–30 (Fla. 2003) ("[R]arely will an error be deemed fundamental . . . ."). This is not one of them. The evidence established a violation of section 943.0435(4), the jury was instructed on the elements of a violation of section 943.0435(4), and Nava argued the case as if section 943.0435(4)(a) had been charged. Moreover, to the extent that the instructions indicated a

different reporting location than set forth in section 943.0435(4)(a), Nava did not dispute below the erroneous or omitted element. Accordingly, we affirm.

AFFIRMED.

B.L. THOMAS and LONG, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Jessica J. Yeary, Public Defender, and Tyler Kemper Payne, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody Attorney General, and Virginia Harris, Assistant Attorney General, Tallahassee, for Appellee.