# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-0886
_____

JAMES ERIC DENNIS,

     Appellant,

     v.

STATE OF FLORIDA,

     Appellee.

_____


On appeal from the Circuit Court for Escambia County.
Linda Lee Nobles, Judge.


August 7, 2024

B.L. THOMAS, J.

James Dennis appeals his judgment and sentence arguing there was insufficient evidence to sustain his convictions on counts 1 and 2 under sections 943.0435(4)(b)1 and (4)(a), Fla. Stat. (2022) and that the trial court erred in failing to instruct the jury on an essential element of count 3 under section 944.607(13)(c)(4). We affirm his conviction on count 3, providing false registration information as a sexual offender, without comment. But we reverse his convictions on count 1, failure of a sexual offender who vacates a permanent, temporary, or transient residence to report within 48 hours, and count 2, failure of a sexual offender to report or register a change in permanent or temporary address.

At trial, Dennis stipulated to being a sex offender. The State then presented evidence that Dennis registered an address in May of 2022, but that renters had lived at that address since 2019, and Dennis had never lived with them.

Count 1 charged Dennis with violating section 943.0435(4)(b)1, which states:

> A sexual offender who vacates a permanent, temporary, or transient residence and fails to establish or maintain another permanent, temporary, or transient residence shall, within 48 hours after vacating the permanent, temporary, or transient residence, report in person to the sheriff's office of the county in which he or she is located.

Count 2 charged Dennis with violating section 943.0435(4)(a), which requires a sexual offender to report in person "any change" in the offender's "permanent, temporary, or transient residence" to the Department of Highway Safety and Motor Vehicles within 48 hours. § 943.0435(4)(a), Fla. Stat. (2022).

Under both subsections, a prerequisite to finding a violation—for failing to establish or maintain a residence or failing to report a change in residences—is that the sexual offender establish one of the three types of statutorily-defined residences in the first place.

This Court has explained the difference between the two offenses.

> "Unlike subsection (4)(a), which required sex offenders to report [to the driver's license office] after "any change" in their permanent, temporary, or transient residence, subsection (4)(b) applied only when an offender left one residence without establishing a new one: 'A sexual offender who vacates a permanent, temporary, or transient residence *and fails to establish or maintain another permanent, temporary, or transient residence*' must report to the sheriff's office."

*Peterson v. State*, 198 So. 3d 1064, 1065–66 (Fla. 1st DCA 2016) (emphasis in original). In *Peterson,* "the State did not prove that

Peterson became homeless or that he otherwise vacated one residence while failing to establish another." *Id.* at 1066.

Here, the State established only that Dennis never lived at the address that he registered. The State failed to present any evidence that Dennis ever established a permanent, temporary, or transient residence and thereafter changed his residence or vacated his residence without establishing another permanent, temporary, or transient residence. Accordingly, we reverse and remand for entry of a judgment of acquittal on counts 1 and 2.

AFFIRMED in part; REVERSED in part.

ROBERTS and ROWE, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Jessica J. Yeary, Public Defender, and Tyler Kemper Payne, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Miranda L. Butson, Assistant Attorney General, Tallahassee, for Appellee.

3